IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK JACOBS,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 19-4615 |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

ORDER

**AND NOW**, this _____ day of _____, 2020, upon consideration of Defendants City of Philadelphia, Christine Coulter, and Dennis Wilson's Second Motion to Dismiss, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. All claims against Defendants City of Philadelphia, Christine Coulter, and Dennis Wilson are dismissed with prejudice.

BY THE COURT:

_____
**JOEL H. SLOMSKY**, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK JACOBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS CITY OF PHILADELPHIA, CHRISTINE COULTER, AND DENNIS WILSON'S SECOND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia, Christine Coulter, and Dennis Wilson file this second motion to dismiss for failure to state a claim under Fed. R. Civ. Pro. 12(b)(6), seeking that the claims against them be dismissed on the grounds more fully described in the supporting memorandum of law.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: February 20, 2020     BY:   s/ Christopher H. Rider
                                  Christopher H. Rider
                                  Divisional Deputy City Solicitor

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK JACOBS,** : | |
| Plaintiff, : | |
| v. : | Civil Action No. 19-4615 |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

**DEFENDANTS CITY OF PHILADELPHIA, CHRISTINE COULTER, AND DENNIS WILSON'S MEMORANDUM OF LAW IN SUPPORT OF THEIR SECOND MOTION TO DISMISS**

Defendants City of Philadelphia, Christine Coulter, and Dennis Wilson submit this memorandum of law in support of their second motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and seek dismissal of Plaintiff's claims because: (1) Plaintiff has failed to provide sufficient factual support for his argument that the Fair Labor Standards Act (FLSA) requires that Defendants compensate him for time spent on-call; (2) the City of Philadelphia is immune from Pennsylvania Wage Payment and Collection Law claims; and (3) Plaintiff has failed to allege sufficient temporal proximity between his protected activity and any retaliatory action.

1

I.   **FACTUAL SUMMARY**[1]

The City of Philadelphia has employed Plaintiff Derrick Jacobs as a police detective assigned to the Officer-Involved Shooting Investigation (OISI) Unit since January 1, 2017.  Am. Compl. ¶¶ 3, 9.  Since then, Plaintiff's ordinary work schedule has been Monday through Friday, 10 a.m. to 6 p.m. Id. ¶ 10.  Plaintiff has been required to be on-call from 6 p.m. through 10 a.m. Monday through Friday, and 24 hours per day on Saturday and Sunday.  Id.  While on-call, Plaintiff was not permitted to drink alcohol, and needed to be able to promptly respond to an officer-involved shooting.  Id. ¶ 11.  Although Plaintiff avers that he has had to respond to shooting while on-call, he does not aver how often he has been required to do so.  Id.

Plaintiff also alleges that, after he filed his first complaint, the City moved him to desk duty, limited his contact with the District Attorney's Office, investigated him for disciplinary infractions, and threatened him with termination. Id. ¶¶ 19, 21.

II.  **STANDARD OF REVIEW**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] For the purposes of this Motion to Dismiss, Defendants accept the facts as pled by Plaintiff as true.

2

alleged." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

### III. ARGUMENT

#### A. PLAINTIFF'S OVERTIME COMPENSATION CLAIM FAILS BECAUSE HE HAS NOT PROVIDED SUFFICIENT FACTUAL SUPPORT FOR HIS ALLEGATION THAT HIS TIME SPENT "ON-CALL" WAS COMPENSABLE UNDER THE FLSA.

Plaintiff alleges that Defendants failed to compensate him for time spent on-call, in violation of the FLSA. Plaintiff fails, however, to provide the appropriate factual predicate for his claim that the FLSA entitles him to compensation for on-call time. This Court should, therefore, dismiss Plaintiff's FLSA overtime claim.

The Fair Labor Standards Act requires employers compensate employees for time spent on-call: (1) where "the employee is required to remain on [the employer's] premises" while on-call; or (2) where "the employee, although not required to remain on the employer's premises, finds his time on-call away from the employer's

3

premises is so restricted that it interferes with personal pursuits." Ingram v. Cty. of Bucks, 144 F.3d 265, 268 (3d Cir. 1998); see also 29 C.F.R. 553.221(d). The Third Circuit has established a four-factor test to determine whether an employee's on-call time is sufficiently restricted as to be compensable: (1) "whether the employee may carry a beeper or leave home;" (2) "the frequency of calls and the nature of the employer's demands;" (3) "the employee's ability to maintain a flexible on-call schedule and switch on-call shifts;" and (4) "whether the employee actually engaged in personal activities during on-call time." Ingram, 144 F.3d at 268; see also Everett v. Maternal Child Consortium, LLC, No. 18-746, 2018 WL 3374763, at *4 (E.D. Pa. July 10, 2018).

In Ingram, the Third Circuit held that the time spent on-call by Bucks County deputy sheriffs was not compensable because those deputies were allowed to carry a beeper or leave word where they would be; were not frequently called in to work and, if called in, were not required to report within a fixed period of time; were able to trade on-call shifts with other deputies; and were able to participate in personal activities such as reading, watching television, housework, shopping, etc. Ingram, 144 F.3d at 268-69.

The Court of Appeals for the Tenth Circuit has also analyzed an analogous situation. In Armitage v. City of Emporia, Kan., that Court held that police detectives were not required to be compensated for time spent on-call where they were required to report within twenty minutes of responding to a page, and they were called in on average less than twice a week to respond to crimes that had

4

already been committed, even though the detectives were expected to remain sober while on-call. Armitage v. City of Emporia, Kan., 982 F.2d 430, 432 (10th Cir. 1992).

Here, Plaintiff fails to provide a sufficient factual basis for his assertion that the time he has spent on-call was compensable. In support of his argument that his personal activities were so restricted as to render his on-call time compensable, he alleges that he was unable to drink alcohol while on-call, and that he was required to promptly respond to shootings. Am. Compl. ¶ 11. These factual assertions, standing alone, are plainly insufficient to state a plausible claim. See Armitage, 982 F.2d at 432. Nor can Plaintiff succeed under the Third Circuit's test, as he has not alleged that he was required to remain on the City's premises, that he was unable to leave his home, that he was frequently required to return to work while on-call, that he was unable to switch on-call shifts, or that he was unable to engage in personal activities such as watching television or reading while on-call (other than drinking alcohol). Since the Supreme Court's decision in Iqbal, plaintiffs must provide factual support for their legal assertions. See Iqbal, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Because Plaintiff has failed to do so here, this Court should dismiss his overtime compensation claim.

### B. PLAINTIFF'S WAGE PAYMENT AND COLLECTION LAW CLAIM FAILS BECAUSE PLAINTIFF IS EMPLOYED BY A MUNICIPALITY.

Plaintiff alleges that Defendants failed to pay him overtime to which he was entitled, in violation of Pennsylvania's Wage Payment and Collection Law (WPCL), 43 P.S. § 260.1 et seq.  Plaintiff's claim fails, however, because he has admitted that he was employed by the City of Philadelphia, which, as a municipality, is exempt from the WCPL.  Accordingly, this Court should dismiss Plaintiff's WCPL claim.

The WCPL "provides a vehicle through which [an] employee may collect wages owed to him…from a delinquent employer."  Gallaher v. Goldsmith, 213 F. Supp. 2d 496, 498-99 (E.D.Pa. 2002).  Municipal corporations are not included within the WCPL's definition of "employer," and so the WCPL does not apply to entities such as borough, school districts, and counties.  Id. at 499; Scott v. Phila. Housing Auth., No. 10-4723, 2011 WL 1791095, at *10-11 (E.D. Pa. May 11, 2011); Huffman v. Borough of Millvale, 591 A.2d 1137, 1139 (Pa. Commw. 1991).

Plaintiff admits that he is employed by the City of Philadelphia.  Am. Compl. ¶ 3.  He does not allege that the individual defendants employed him.  See generally Am. Compl.  The City is organized under the Commonwealth of Pennsylvania's laws as a municipal corporation—a city of the first class.  See 53 P.S. § 101; 53 P.S. § 16251.  Accordingly, the WPCL does not apply to the City and, therefore, this Court should dismiss that claim.

6

### C. PLAINTIFF'S RETALIATION CLAIM FAILS BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED A CAUSAL CONNECTION BETWEEN HIS PROTECTED ACTIVITY AND ANY RETALIATORY ACTIONS.

Plaintiff alleges that Defendants retaliated against him for filing his original complaint in the present lawsuit. Plaintiff, however, fails to allege facts from which a factfinder could conclude that the temporal proximity between his protected activity and the retaliatory actions was unusually suggestive. Accordingly, this Court should dismiss Plaintiff's retaliation claim.

"To state a prima facie case of retaliatory discrimination under the FLSA, a plaintiff must plead that (1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against him, and (3) there was a causal link between the plaintiff's protected action and employer's adverse action." Jones v. Amerihealth Caritas, 95 F. Supp. 3d 807, 814 (E.D. Pa. 2015) (internal quotations omitted). Courts have repeatedly held that unusually close temporal proximity is necessary for factfinder to infer causation in retaliation claims. See LeBoon v. Lancaster Jewish Community Center Ass'n, 503 F.3d 217, 233 (3d Cir. 2007) ("a gap of three months between the protected activity and the adverse action…cannot create an inference of causation"); Blakney v. City of Phila., 559 Fed. Appx. 183, 186 (3d Cir. 2014) ("We have found that a temporal proximity of two days is unusually suggestive of causation, but have held that a temporal proximity greater than ten days requires supplementary evidence of retaliatory motive."); Thomas v. Town of Hammonton, 351 F.3d 108, 114 (3d Cir. 2003) (finding temporal proximity not unduly suggestive where three weeks elapsed between protected

7

activity and adverse employment action); Kier v. F. Lackland & Sons, LLC, 72 F. Supp. 3d 597 (E.D. Pa. 2014) ("Absent some intervening antagonism, Plaintiff cannot rest solely on a temporal proximity of more than one week."); Abdul-Latif v. Cnty. of Lancaster, 990 F. Supp. 2d 517, 531 (E.D. Pa. 2014) ("Six days is at the long end of what has been held to be unusually suggestive....").

Here, Plaintiff fails to provide information from which a factfinder may draw a reasonable inference that his original FLSA complaint was causally connected to any retaliatory action. Although Plaintiff asserts that after he filed his first complaint, the City moved him to desk duty, limited his contact with the District Attorney's Office, investigated him for disciplinary infractions, and threatened him with termination, see Am. Compl. ¶¶ 19, 21, he fails to provide the dates on which the City took the actions in question.[2] In providing only an order of events without a specific timeline of those events, Plaintiff perpetuates a logical fallacy: *post hoc ergo propter hoc*. This fallacy, standing alone, is insufficient to state a plausible claim of relief for retaliation. Instead, Plaintiff must allege facts from which a factfinder could conclude that the temporal proximity between his protected activity and Defendants' allegedly retaliatory actions was unduly suggestive. As he has presented no such information, this Court should dismiss Plaintiff's FLSA retaliation claim.

---

[2] Defendants note that Plaintiff, in a separate lawsuit, has asserted that the City "in effect ended [his] Law Enforcement career on Friday, November 9, 2018," in retaliation for his actions allegedly reporting prosecutorial misconduct and political corruption. See Compl., Jacobs v. City of Philadelphia, E.D. Pa. Civil Action No. 19-4616, Doc. No. 1. Defendants remain unclear as to how Plaintiff can now attribute any negative career consequences to his October 4, 2019 complaint.

## IV. CONCLUSION

Defendants City of Philadelphia, Christine Coulter, and Dennis Wilson respectfully requests that this Honorable Court grant this motion and dismiss Plaintiff's claims.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: February 20, 2020          BY:   s/ Christopher H. Rider
Christopher H. Rider
Divisional Deputy City Solicitor
Pa. Attorney ID No. 307265
City of Philadelphia Law Dept.
1515 Arch St., 16th Fl.
Philadelphia, PA 19102
(215) 683-5082
christopher.rider@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK JACOBS,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 19-4615 |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

# CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion to Dismiss and Memorandum of Law has been filed electronically and is available for viewing and downloading, and has also been served by U.S. mail as follows:

Derrick Jacobs
1230 N. 15th St.
Philadelphia, PA 19121

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date:  February 20, 2020          BY:   s/ Christopher H. Rider
                                        Christopher H. Rider
                                        Divisional Deputy City Solicitor