## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK JACOBS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2022, upon consideration of Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia's Motion to Quash the Deposition Subpoena of Police Commissioner Danielle Outlaw, it is hereby **ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

_____
**JOEL H. SLOMSKY,** J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK JACOBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CHRISTINE COULTER, DENNIS WILSON, AND THE CITY OF PHILADELPHIA'S MOTION TO QUASH THE DEPOSITION SUBPOENA OF POLICE COMMISSIONER DANIELLE OUTLAW**

Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia, pursuant to Federal Rule of Civil Procedure 45 and through their attorneys, respectfully move to quash Plaintiff Derrick Jacobs' subpoena for the deposition of Police Commissioner Danielle Outlaw, and for other relief as the Court deems just and proper.  Defendants respectfully request that this Court grant their Motion to Quash on the grounds more fully described in the supporting memorandum of law.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: January 26, 2022          BY:   s/ *Michael J. Sheehan*
                                      Michael J. Sheehan
                                      Assistant City Solicitor

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK JACOBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS CHRISTINE COULTER, DENNIS WILSON, AND THE CITY OF PHILADELPHIA'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO QUASH THE DEPOSITION SUBPOENA DIRECTED TO POLICE COMMISSIONER DANIELLE OUTLAW

Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia ("Defendants") submit this Memorandum of Law in support of their Motion to Quash Plaintiff's subpoena to testify at a deposition in a civil action directed to non-party Police Commissioner Danielle Outlaw (the "Police Commissioner"). Defendants respectfully request that this Court quash Plaintiff's subpoena as the subpoena places an undue burden on the Police Commissioner who is not a party to this case and the information sought by Plaintiff is not relevant or necessary to the claims and allegations in this matter. Plaintiff's Complaint alleged violations of the Fair Labor Standards Act ("FLSA") and Pennsylvania Wage Payment and Collection Law ("WPCL"), to which the Police Commissioner has no relevant or necessary information. Even if the Police Commissioner had information relevant to Plaintiff's allegations, such information can be obtained by less-invasive means

2

and a deposition would not provide any testimony relevant to this case.  Plaintiff,
upon information and belief, seeks to use the deposition to support the allegations
made in a First Amendment Complaint filed on the same date as the one underlying
this matter contrary to this Court's instructions during the Motion Hearing of
January 11, 2022.  See Jacobs v. City of Philadelphia, et al., No. 2:21-cv-00128-HB
(Oct. 4, 2019) ("First Amendment Complaint").  Therefore, this Court should grant
Defendants' Motion to Quash the subpoena.

I.    RELEVANT FACTUAL SUMMARY

1.  Plaintiff first brought this action via a Complaint filed on October 4, 2019,
    the same day as the First Amendment Complaint referenced above.

2.  Plaintiff's Amended Complaint, filed on February 5, 2020, contains three
    claims: (1) FLSA violations; (2) FLSA retaliation; and (3) WPCL violations.
    1st Am. Compl. ¶¶ 23-32.

3.  On January 20, 2021, this Court entered an Order dismissing Plaintiff's
    WPCL violation claims.

4.  The surviving claims are based on the following allegations:

    a.  Plaintiff was a Philadelphia Police Department Detective in the Officer
        Involved Shooting Investigation unit ("OISI"), employed by the City of
        Philadelphia.  Id. ¶ 3.

    b.  Plaintiff's work schedule was 10:00 AM to 6:00 PM, Monday through
        Friday, but he alleges he was required to be in "on-call" status the
        remaining sixteen (16) hours of every weekday and twenty-four (24)

hours each day of every weekend.  <u>Id.</u> ¶ 10.

    c.   Plaintiff claims that he should have been compensated for every hour of every day for the entirety of the time he worked for the OISI.  <u>Id.</u> ¶¶ 17-18.

    d.   Plaintiff claims that, in response to his or others interest in receiving additional payment beyond the already-provided salary and overtime, he was retaliated against by Defendants Coulter and Wilson.  <u>Id.</u> ¶¶ 19-22.

5.  Between August 27 and October 21, 2021, Plaintiff sent Defendants multiple discovery requests demanding documents related to the named Defendants, but also individuals from the Philadelphia District Attorney's Office and the Philadelphia Court of Common Pleas.

6.  On October 22, 2021, counsel for Defendants further indicated that he would provide witnesses for deposition in this matter, but only those who had relevant information to the FLSA/WPCL claims and not those Plaintiff wanted to depose regarding the claims in the First Amendment Complaint.

7.  Plaintiff was deposed on November 24, 2021, where he made a number of allegations of retaliation against named Defendants Coulter and Wilson.

8.  During his deposition, Plaintiff also identified Lieutenant Jason Hendershot, Chief Inspector Vanore and Special Advisor to the Commissioner Francis Healy as individuals possessing alleged knowledge of the underlying facts upon which his litigation was based.

9.  During his deposition Plaintiff mentioned, on multiple occasions, that he had sent approximately two letters to the Police Commissioner in 2020, but that she indicated to him they were never received.

10. Plaintiff's deposition testimony regarding the Police Commissioner contained no other averments, allegations or claims beyond that the Police Commissioner had not received letters he had sent in 2020.

11. On January 11, 2022, a hearing was held before the Honorable Joel H. Slomsky regarding, in part, Plaintiff's Motion to Compel Discovery Responses and Defendants' Response in Opposition to the Motion to Compel.

12. During this hearing, Plaintiff was instructed by the Court to put his requests for additional documents, emails, or other records clearly and succinctly into an email or letter to Defendants' counsel.

13. Apparently in response to this hearing and the Court's instructions, Plaintiff sent an email of January 13, 2022 in which he did not request any additional documents, but instead sent a series of accusations directed at Defendants' counsel.  See Email of January 13, 2022, attached as Exhibit "A."

14. On January 12, 2022, this Court issued an Order denying Plaintiff's Motion to Compel Discovery without prejudice.

15. On January 13, 2022, Plaintiff sent deposition subpoenas to the Police Commissioner, Philadelphia Police Department Chief Inspector Frank Vanore, Lieutenant Jason Hendershot, Special Advisor to the Commissioner Francis Healy and Defendants Coulter and Wilson.  See Plaintiff's Deposition

Subpoenas, attached as Exhibit "B."

16. Defendants' counsel responded via emails to Plaintiff's subsequent request for deposition dates of these individuals, indicating that Defendants would provide non-party individuals Vanore, Hendershot and Healy (in addition to the named Defendants) for depositions.

17. Defendants' counsel informed Plaintiff via email that Defendants would not, however, provide Police Commissioner for a deposition.

18. On January 17, 2022, Plaintiff sent an email to Defendants' counsel with a document entitled "Plaintiff's Interrogatories, Request for the Production of Documents and Admissions Following Motions Hearing on January 11, 2022." See Plaintiff's Discovery Requests of January 17, 2022, attached as Exhibit "C."

19. None of the discovery requests made by Plaintiff in the attachment to his January 17, 2022 email were directed to or directly concerning the Police Commissioner.

20. The Police Commissioner is not a party to this case, nor does the Police Commissioner possess any unique knowledge regarding the FLSA violations or FLSA retaliation alleged by Plaintiff.

21. Francis Healy, as Special Advisor to the Commissioner, likely possesses any information relevant to the underlying matter that Plaintiff may seek to elicit during a deposition.

22. Plaintiff's deposition testimony concerning the Special Advisor included

allegations that he or someone below him intentional prevented the Police Commissioner from receiving any of his letters.

23. Plaintiff has not demonstrated through any of his communications with Defendants' counsel either before or after the January 11, 2022, hearing, that he is requesting any documents, records, or other information specifically held by the Police Commissioner.

24. To the extent the requests made by Plaintiff are for discoverable documents or testimony, such information can be obtained from the named Defendants in this matter or any of the three (3) non-party individuals Defendants have agreed to provide for depositions.

## II.   <u>ARGUMENT</u>

Plaintiff now demands the deposition of the Police Commissioner, an individual not named as a Defendant in this matter and who possesses no unique information relevant to the FLSA claims inherent in Plaintiff's Complaint.  Most importantly to Plaintiff's Complaint, however, is that the Police Commissioner was not hired for this position until December 30, 2019.  The Police Commissioner did not begin serving in this capacity until February 10, 2020.  Plaintiff's claims specifically relate to alleged FLSA violations which occurred prior to the filing of his initial Complaint on October 4, 2019.

A Court may grant a Motion to Quash a subpoena requesting the deposition of a non-party where the person to whom the subpoena is targeted would be required to disclose "privileged or other protected matter…or subject[ed]…to an

undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii-iv). When considering whether a "subpoena places an undue burden on a non-party, the court considers issues such as relevance, the requesting party's need, the breadth of the request, and the burden imposed." United States v. Massimino, 368 F.Supp.3d 852, 855 (E.D.Pa. 2019); quoting Diodato v. Wells Fargo Ins. Services USA, Inc., 2013 WL 6054824 (M.D.Pa. 2013). The subpoenaing party must demonstrate, as an initial matter, that his requests are "relevant to [his] claims and defenses" under the Federal Rules of Civil Procedure. In re Domestic Drywall Antitrust Litigation, 300 F.R.D. 234, 239 (E.D.Pa. 2014). If this is demonstrated, the burden then shifts to the party moving to quash the subpoena to demonstrate that compliance would be unreasonable and oppressive. Owens v. QVC, 221 F.R.D. 430, 432 (E.D.Pa. 2004)

The Federal Rules of Civil Procedure require that a Plaintiff "responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). When a subpoena is issued to a non-party the Court is required to consider factors including "[r]elevance, need, confidentiality, and harm." In re Mushroom Direct Purchaser Antitrust Litig., No 06-620, 2012 WL 298480, at *3 (E.D.Pa. 2012). Additionally, the "court 'must limit the…extent of discovery' where it is duplicative, where it can be obtained from another source that is 'more convenient, less burdensome, or less expensive,' [or] where the party seeking discovery has had ample opportunity to obtain the discovery." Avago Technologies U.S., Inc. v. IPtronics, Inc., 309 F.R.D. 294, 297 (E.D.Pa. 2015); quoting Fed. R. Civ. P.

26(b)(2)(C)(i)-(iii).  These limitations on overbroad discovery are especially relevant where discovery is "sought from a non-party.  Broader restrictions may be necessary to prevent a non-party from suffering harassment or inconvenience." <u>Avago</u>, 309 F.R.D. at 297; <u>quoting</u> <u>Frank v. Honeywell Int'l, Inc.</u>, 2015 WL 4770965, at *4 (E.D.Pa. 2015).

"Department heads and similarly high-ranking officials should not ordinarily be compelled to testify unless it has been established that the testimony to be elicited is necessary and relevant and unavailable from a lesser ranking officer. <u>Halderman v. Pennshurst State School and Hosp.</u>, 96 F.R.D. 60, 64 (E.D.Pa. 1982). Where a subpoena would require the testimony of a non-party, it may be quashed if the testimony would be irrelevant to the underlying matter or not connected to the questions to be determined by the jury.  <u>Riff v. Police Chief Elmer Clawges</u>, 158 F.R.D. 357, 358-59 (E.D.Pa. 1994).

Plaintiff, in the present matter, has sent multiple rounds of discovery requests demanding documents related to his years of service with the Philadelphia Police Department, but also concerning issues he had with the Philadelphia District Attorney's Office and the Philadelphia Court of Common Pleas.  Upon information and belief, many of Plaintiff's discovery requests relate directly to his First Amendment Complaint filed almost simultaneously with this Complaint on October 4, 2019.  During the motions hearing on January 11, 2022, Plaintiff was instructed by the Court to limit his discovery requests to those which are specifically relevant to this matter, namely his allegations of FLSA violations and retaliation.  Plaintiff

did not follow the instructions of the Court and instead sent an offensive email lacking any discovery requests, along with a later email containing multiple subpoenas for the depositions of both named Defendants and individuals not a party to this matter.  The Defendants have agreed to produce three non-party individuals for depositions (Chief Inspector Vanore, Lt. Hendershot and Special Advisor Healy) in addition to the named Defendants.

Plaintiff, however, demands that he be allowed to depose not only the Special Advisor to the Commissioner, but the Police Commissioner herself.  This goes beyond the normal bounds as understood by the Federal Rules of Civil Procedure and places an undue burden on the Police Commissioner who, if required to testify, will be subjected to hours of questions wholly unrelated to the matter at issue. There is no indication whatsoever in Plaintiff's discovery requests, documents produced in response to Defendants' discovery requests, communication with Defendants' counsel or statements to the Court that the Police Commissioner can offer any testimony whatsoever that is both relevant to the FLSA allegations upon which this litigation is based and could not be obtained by another, less intrusive source.  Additionally, Plaintiff failed to identify any specific actions by the Police Commissioner related in any way whatsoever to his FLSA claims during his deposition on November 24, 2021.  The only statements Plaintiff made regarding the Police Commissioner were that he sent her two or more memoranda in 2020 and she indicated to him she never received.  Clearly, memoranda drafted and transmitted by Plaintiff, to the extent that they exist, would be in his possession

and a deposition of the Police Commissioner would produce no testimony or evidence relevant to his Complaint.

As the head of one of the largest Police Departments in the United States, the Police Commissioner is tasked each day with resolving complex issues that impact the millions of people in who live in and around Philadelphia. To subject her to Plaintiff's deposition so he can engage in, presumably, a line of questioning and interrogation that would not relate in any manner to the case at hand is unduly burdensome and completely disconnected from any potential issues that may be put forth to a jury should this case reach trial. Moreover, in her role, she is afforded special protections to prevent this precise form of harassment and cannot be forced to testify in every case that involves payroll issues within the Philadelphia Police Department.

Finally, Plaintiff will be afforded the opportunity to depose multiple high-ranking members of the Philadelphia Police Department, who will presumably provide testimony concerning Plaintiff's claims that he was not adequately compensated and retaliated against during his time as a Detective. The depositions of these five (5) individuals, any responses to future specifically tailored discovery requests from Plaintiff and the hundreds of pages of documents already provided to Plaintiff qualify as the less expensive, less burdensome, and more convenient manner of obtaining the information Plaintiff seeks than deposing the Police Commissioner under Eastern District precedent and the Federal Rules of Civil Procedure.

VI.    <u>CONCLUSION</u>

Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia respectfully request that this Honorable Court to enter an Order to Quash Plaintiff's subpoena of Police Commissioner Danielle Outlaw.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>January 26, 2022</u>           BY:     <u>s/ *Michael J. Sheehan*</u>
Michael J. Sheehan
Assistant City Solicitor
Pa. Attorney ID No. 321440
City of Philadelphia Law Dept.
1515 Arch St., 16th Fl.
Philadelphia, PA 19102
(215) 683-5362
michael.sheehan@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| **DERRICK JACOBS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

---

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion to Quash Plaintiff's deposition subpoena of Police Commissioner Danielle Outlaw has been filed electronically and is available for viewing and downloading.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>January 26, 2022</u>       BY:   <u>s/ *Michael J. Sheehan*</u>
Michael J. Sheehan
Assistant City Solicitor