## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK JACOBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2022, upon consideration of Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia's Motion for a Protective Order, it is hereby **ORDERED** that the Motion is **GRANTED**.

It is further **ORDERED** that Plaintiff shall be precluded from asking questions or eliciting testimony related to Civil Action No. 21-0128, or any other matter or complaint that falls outside the instant matter and is not specifically related to the Fair Labor Standards Act claims set forth in this matter.  Further, the depositions subpoenas issued to Police Commissioner Danielle Outlaw, Deputy Commissioner Benjamin Naish and Police Officer Michael Davis are hereby **QUASHED**. The remaining depositions subpoenas are **QUASHED** until such time as the parties can arrange mutually agreeable dates after the February 28, 2022, conference with the Court.

BY THE COURT:

_____
**JOEL H. SLOMSKY**, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **DERRICK JACOBS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS CHRISTINE COULTER, DENNIS WILSON, AND THE CITY OF PHILADELPHIA'S MOTION FOR A PROTETIVE ORDER REGARDING PLAINTIFF DERRICK JACOBS' DEPOSITION SUBPOENAS

Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia, pursuant to Federal Rules of Civil Procedure 30(b)(2) and 45 and through their attorneys, respectfully move for a Protective Order regarding Plaintiff Derrick Jacobs' subpoenas for the depositions of Police Commissioner Danielle Outlaw, Special Advisor to the Commissioner Francis Healy, Deputy Commissioner Christine Coulter, Deputy Commissioner Benjamin Naish, Chief Inspector Frank Vanore, Chief Inspector Dennis Wilson, Lieutenant Jason Hendershot, and Police Officer Michael Davis and for other relief as the Court deems just and proper.

Defendants respectfully request that this Court grant their Motion for a Protective Order on the grounds more fully described in the supporting memorandum of law.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>February 22, 2022</u>         BY:  <u>s/ *Michael J. Sheehan*</u>
                                        Michael J. Sheehan
                                        Assistant City Solicitor

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DERRICK JACOBS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CHRISTINE COULTER, DENNIS WILSON, AND THE CITY OF
PHILADELPHIA'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
FOR A PROTECTIVE ORDER REGARDING PLAINTIFF DERRICK JACOBS'
DEPOSITION SUBPOENAS**

## I.      INTRODUCTION

Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia ("Defendants") submit this Memorandum of Law in support of their Motion for a Protective Order regarding Plaintiff Derrick Jacobs' deposition subpoenas directed to Defendants, potential witnesses, and individuals without specific knowledge or information relevant to the underlying claims in this matter.  Defendants respectfully request that this Court take the following actions:

1. Grant Defendants' prior Motion to Quash the Deposition of Police Commissioner Danielle Outlaw;

2. Quash the depositions subpoenas of all eight (8) individuals identified by Plaintiff until such time as this Motion is resolved;

3.  Grant Defendants' current Protective Order in the nature of a Motion to Quash the deposition subpoena of Deputy Commissioner Benjamin Naish or, in the alternative, issue a Protective Order limiting Plaintiff's questioning to only those areas which have direct relevance to his underlying Fair Labor Standards Act ("FLSA") claims; and

4.  Grant Defendants' Protective Order to limit the areas of questioning by Plaintiff in his depositions of Defendants Christine Coulter and Dennis Wilson, and non-party individuals Chief Inspector Frank Vanore, Special Advisor to the Commissioner Francis Healy, Lieutenant Jason Hendershot, Police Officer Michael Davis and any as-yet unidentified individuals Plaintiff intends to depose.

Plaintiff issued subpoenas on February 14, 2022, to Defendants' counsel via email, requesting the depositions of seven (7) individuals to take place between February 21 and February 28, 2022.[1] This is an unreasonable request given the time constraints of counsel, Defendants, and the non-party witnesses as previously explained to Plaintiff in multiple emails. The majority of these individuals do not have specific and/or personal knowledge of any facts or information relevant to this matter. Plaintiff's Complaint alleges a violation of the Fair Labor Standards Act ("FLSA") and retaliation by Defendants, to which the Police Commissioner, Deputy Commissioner Benjamin Naish and Police Officer Michael Davis have no relevant or

---

[1] Plaintiff had previously sent depositions subpoenas to counsel for Defendants on January 13 which included Special Advisor to the Commissioner Francis Healy, though he was not included in the February 14 subpoenas.

necessary information.[2]  Plaintiff, upon information and belief, seeks to use the depositions, at least in part, to support the allegations made in a First Amendment Complaint filed on the same date as the one underlying this matter.  See Jacobs v. City of Philadelphia, et al., No. 2:21-cv-00128-HB (Oct. 4, 2019) ("First Amendment Complaint").  Therefore, this Court should grant Defendants' Protective Orders to quash the depositions of Outlaw, Naish and Davis, limit the areas of questioning directed to Defendants and the remaining potential witnesses in all other depositions and quash all remaining depositions until after the conference on February 28, 2022.

## II.   RELEVANT FACTUAL SUMMARY

1. Plaintiff first brought this action via a Complaint filed on October 4, 2019, the same day as the First Amendment Complaint referenced above.

2. Plaintiff's Amended Complaint, filed on February 5, 2020, contains three claims: (1) FLSA violations; (2) FLSA retaliation; and (3) WPCL violations. 1st Am. Compl. ¶¶ 23-32.

3. On January 20, 2021, this Court entered an Order dismissing Plaintiff's WPCL violation claims.

4. Plaintiff was deposed on November 24, 2021, during which time he was questioned regarding the individuals he believed participated in alleged retaliation against him.

---

[2] Defendants' initial disclosures indicated Deputy Commissioner Naish may have testimony relevant to this matter, but investigation and discovery have revealed that he has no unique or specific information.  Defendants are updating their initial disclosures and will transmit to Plaintiff prior to the conference of February 28, 2022.

5.  At no time in either his Complaint, Amended Complaint or deposition testimony did Plaintiff identify Police Officer Michael Davis as having any relationship to this matter.  <u>See</u> Pltf's Initial Disclosures, attached as Exhibit "A."  See also Def's Initial Disclosures, attached as Exhibit "B."

6.  Plaintiff's only reference to Police Commissioner Danielle Outlaw was to indicate that he had sent her emails regarding issues he had with the District Attorney's Office.  Plaintiff testified at his deposition the Commissioner told him they were never received. <u>See</u> Pltf's Deposition at 37:10-40:6 attached as Exhibit "C."

7.  On November 30, 2021, counsel for Defendants sent an email to Plaintiff offering a City of Philadelphia designee to sit for a deposition conducted by Plaintiff.

8.  Counsel for Defendants offered two dates for the deposition, but Plaintiff never responded to the email or indicated in any other way that he was prepared to take the deposition of the designee.

9.  On January 11, 2022, a hearing was held before the Honorable Joel H. Slomsky.

10. During this hearing, Plaintiff was instructed by the Court to put his requests for additional documents, emails, or other records clearly and succinctly into an email to Defendants' counsel and to limit his requests and questions to only those issues relevant to the FLSA Complaint.

11. On January 13, 2022, Plaintiff sent deposition subpoenas to the Police

Commissioner, Philadelphia Police Department Chief Inspector Frank Vanore, Lieutenant Jason Hendershot, Special Advisor to the Commissioner Francis Healy and Defendants Coulter and Wilson.

12. The subpoenas sent by Plaintiff did not contain any dates or times that he intended to take said depositions.  See Pltf's Initial Deposition Subpoenas, attached as Exhibit "D."

13. Defendants' counsel responded via emails to Plaintiff's subsequent request for deposition dates of these individuals, indicating that Defendants would provide non-party individuals Vanore, Hendershot and Healy (in addition to the named Defendants) for depositions.  See email correspondence of Jan. 17 and 25, attached as Exhibit "E."

14. Defendants' counsel informed Plaintiff via email that Defendants would not, however, provide the Police Commissioner for a deposition.

15. On January 26, 2022, after the parties were unable to resolve this issue, Defendants filed a Motion to Quash the Deposition Subpoena of Police Commissioner Danielle Outlaw.  See Motion to Quash Deposition Subpoena of Police Commissioner Danielle Outlaw, Docket No. 39, Jan. 26, 2022.

16. Plaintiff filed a Response on January 28, 2022, and the Court has yet to rule on the Motion.

17. Plaintiff, via email, demanded to take the depositions of Defendants Coulter and Wilson prior to any other depositions.  See emails between Plaintiff and counsel for Defendants from Jan. 17 to Feb. 16, 2022, attached as Exhibit "F."

18. Plaintiff stated he would determine which depositions he required after the deposition of Coulter concluded.  Id.

19. Plaintiff requested, and Defendants agreed via email, that Defendant Coulter would sit for a deposition on February 17, 2022, at 1:00 PM.  Id.

20. Defendants also agreed to produce Defendant Wilson for a deposition on February 18, 2022, at 10:00 AM.  Id.

21. On or about February 6, 2022, Plaintiff apparently changed his mind and indicated via email that he wished to take additional depositions on February 21, 22 and 23.  Id.

22. On February 7, 2022, counsel for Defendants responded to Plaintiff via email, indicating that he was not available on those dates as February 21 was Presidents' Day and, between February 22 and 24 he had a full calendar of arbitrations, meetings, hearings, preparatory sessions with clients, etc. that could not be rescheduled without significant cost in terms of time and/or actual monetary penalties.  See Ex. "F."

23. Counsel for Defendants provided Plaintiff six (6) additional dates between February 25 and March 11 where he was available to defend or participate in depositions scheduled by Plaintiff, given that the depositions of the named Defendants Coulter and Davis were set to occur on February 17 and 18.  Id.

24. On February 10, 2022, counsel for Defendants informed Plaintiff via letter attached to an email that the depositions of Coulter and Wilson would need to take place via Zoom or other videoconferencing service due to the ongoing

COVID-19 pandemic, that Defendants required a court reporter, and to remind Plaintiff that counsel for Defendants was still awaiting Plaintiff's availability for the six (6) suggested dates.  Id.; See also referenced letter attached as Exhibit "G."

25. Plaintiff responded in an email with attached letter on February 11, indicating that he was not available for any depositions in March.

26. Plaintiff then sent seven (7) deposition subpoenas via email on February 14, 2022, for the dates of February 21-25 and 28, including the dates counsel for Defendants had previously indicated he and/or the deponents were not available.

27. Plaintiff's deposition subpoenas of February 14, 2022, were for the following individuals:

    a.  Police Commissioner Danielle Outlaw;

    b.  Deputy Commissioner Christine Coulter;

    c.  Deputy Commissioner Benjamin Naish;

    d.  Chief Inspector Dennis Wilson;

    e.  Chief Inspector Frank Vanore;

    f.  Lieutenant Jason Hendershot; and

    g.  Police Officer Michael Davis.

28. Police Commissioner Danielle Outlaw, Deputy Commissioners Christine Coulter and Benjamin Naish are three of the highest-ranking individuals in the Philadelphia Police Department with extremely busy schedules and

responsibilities vital to the safety and security of the City of Philadelphia.

29. It is common practice between parties litigating in the Eastern District of Pennsylvania to engage in collaborative scheduling provide more than five (5) days' notice to arrange the depositions of defendants, non-party witnesses and, especially, individuals of high rank and responsibility.

30. Despite counsel for the City of Philadelphia's attempts to reach an agreement on the scheduling of the depositions (including assenting to the request by Plaintiff to depose Deputy Commissioner Coulter first on February 17), Plaintiff has refused to provide dates on which both he and the individuals named in the February 14 subpoenas are available. See Ex. F.

31. Counsel for Defendants agreed to produce Chief Inspector Frank Vanore and Lieutenant Jason Hendershot on February 25 and 28, respectively, as these were dates both counsel and the witnesses were available. Id.

32. Between February 14 and February 17, Plaintiff and counsel for Defendants exchanged multiple emails in which counsel for Defendants indicated that he was prepared to move forward with the depositions of Defendants Coulter and Wilson, provided Plaintiff could produce the identity of his court reporter and a Zoom or other videoconferencing link for the depositions. Id.

33. Plaintiff also indicated that, instead of the four to six (4-6) hours he initially requested, he now required seven (7) hours to conduct the depositions of Defendants Coulter and Vanore. Id.

34. Plaintiff agreed to withdraw the request for the deposition of Police

Commissioner Danielle Outlaw for February 21, 2022, but indicated he would reissue it for a new date in the near future.

35. On February 16, 2022, counsel for Defendants sent Plaintiff an email with an attached letter demanding an offer of proof regarding the testimony Plaintiff intended to elicit from Deputy Commissioner Benjamin Naish and Police Officer Michael Davis, as neither had previously been referenced by Defendant regarding his FLSA claims. <u>See</u> Ex. F. and the letter, attached as Exhibit "H."

36. On February 16, 2022, Plaintiff indicated via email that he wished to rely on the subpoenas and the Court to address future issues regarding the depositions.  <u>See</u> Ex. F.

37. Counsel for the City responded that, based on Plaintiff's statements in the email, the depositions for February 17 and 18 were cancelled.  <u>Id.</u>

38. Plaintiff responded via email, acknowledging this fact, and indicating he would see counsel for Defendants the following week.  <u>Id.</u>

39. Plaintiff has not demonstrated through any of his communications with Defendants' counsel, his Complaint, any discovery produced, or any testimony at his deposition that he seeks information or testimony specifically relevant to this case from Police Commissioner Danielle Outlaw, Deputy Commissioner Benjamin Naish or Police Officer Michael Davis.

40. To the extent the requests made by Plaintiff are for discoverable documents or relevant information from the Police Commissioner, Naish and/or Davis,

such information can be obtained from the named Defendants in this matter.

## III.   ARGUMENT

Plaintiff now demands the deposition of at least eight (8) individuals, including the highest-ranking members of the Philadelphia Police Department and the Police Commissioner.[3]  Police Officer Michael Davis and Deputy Commissioner Benjamin Naish do not possess any personal knowledge of any of the underlying issues relevant to Plaintiff's Complaint and an offer of proof for same was demanded by counsel for Defendants' following receipt of the subpoenas.

Defendants Coulter and Wilson were scheduled for depositions on February 17 and 18, respectively, but these were cancelled when Plaintiff was unable or unwilling to provide videoconferencing links and information on a court reporter upon repeated requests by counsel for Defendants.

Defendants have agreed to produce non-party individuals Chief Inspector Vanore and Lieutenant Hendershot on the dates identified in Plaintiff's subpoenas, but request that their testimony be limited to information relevant to this Complaint and not unrelated allegations about the District Attorney's Office, Grand Jury testimony, and other claims stemming from Plaintiff's First Amendment Complaint.

### A.    <u>The Subpoenas Transmitted by Plaintiff on February 14, 2022, Did Not Provide Reasonable Notice to Defendants.</u>

---

[3] Defendants incorporate the arguments made in their Motion to Quash the Deposition Subpoena of Police Commissioner as though the same were set forth herein.

A party make seek to take the depositions by oral examination of individuals

provide he provides "reasonable written notice" to Defendants.  Fed. R. Civ. P.

30(a)-(b).  Reasonable notice requires more than five (5) business days, especially

when a party seeks to take multiple depositions of management-level officials

within a Defendant's organization.  See, e.g., Figueroa v. Moore-Smeal, 2012 WL

5379157 (M.D.Pa. Oct. 31, 2012) (holding that several months' notice of a deposition

was reasonable under the Rule); Baloga v. Pittston Area School District, 2017 WL

2405235 (June 2, 2017) (noting that the defective spelling of an individual's name

and omission from an email qualified as unreasonable notice to Plaintiff, but that

three (3) weeks was sufficient time to make opposing party aware of the deposition);

In Re Malyugin, 310 F.Supp.3d 3 (D.D.C. 2018) (holding that two days' notice of a

deposition was unreasonable even where the deponent was a foreign national only

in the country for a short time to attend a conference).

The Court may, on its own, cure timeliness defects from a Plaintiff's notice of

deposition by extending the time available for a Defendant to produce those

individuals who may have relevant knowledge and information about the

underlying facts in a case.  See Perkinson v. Houlihan's/D.C., Inc., 107 F.R.D. 286,

286-87 (D.D.C. 1985) ("Any deficiency in the time allowed the deponent between the

original notice and the time of the deposition is completely cured by the elapse of

time between the notice of July 26, 1985 and August 16, 1985.  The Magistrate at

the hearing on August 1, 1985, and her order of August 7, 1985, extended the time

and thereby cured any defect in the timing of the original notice").

Here, counsel for Defendants a) provided specific dates for the depositions of the named Defendants that were agreed upon and then effectively cancelled by Plaintiff; b) provided other dates that counsel for Defendants was available that could be held for additional depositions; and c) demonstrated a consistent good-faith effort to arrange depositions according to the scheduling requirements described by Plaintiff.  Plaintiff, after being made aware of the scheduling conflicts in the week of February 21 to 28 (including Presidents' Day, prescheduled Arbitrations, hearings, meetings, and discussions with clients regarding their upcoming testimony in various venues) chose to send subpoenas with specific times and dates for high-level Philadelphia Police Department officials including Defendants and others.  Plaintiff also demanded depositions of individuals for whom he had offered no offer of proof indicating what facts and testimony he sought to elicit, nor their connection to the FLSA claims upon which his Complaint is based.  Therefore, Defendants respectfully request that this Court issue an Order to quash the deposition subpoenas until such time as the deponents' necessity to testify can be demonstrated and, if required, their dates of availability are agreed upon between the parties.

B. <u>The Deposition Subpoena of Deputy Commissioner Benjamin Naish Should be Quashed as he is a High-Ranking Government Official Who Does Not Possess any Unique Personal Knowledge Relevant to this Matter.</u>

A Court may grant a Motion to Quash a subpoena requesting the deposition of a non-party where the person to whom the subpoena is targeted would be required to disclose "privileged or other protected matter…or subject[ed]…to an

undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii-iv). When considering whether a "subpoena places an undue burden on a non-party, the court considers issues such as relevance, the requesting party's need, the breadth of the request, and the burden imposed." United States v. Massimino, 368 F.Supp.3d 852, 855 (E.D.Pa. 2019); quoting Diodato v. Wells Fargo Ins. Services USA, Inc., 2013 WL 6054824 (M.D.Pa. 2013).

"High ranking government officials are generally entitled to limited immunity from being deposed concerning matters about which they have no unique personal knowledge." Tomaszewski v. City of Philadelphia, No18-4675, 2018 WL 6590826, at *3 (citing to Buono v. City of Newark, 249 F.R.D. 469, 472 (D.N.J. 2008); Hankins v. City of Philadelphia, No. 95-1449, 1996 WL 524334, at *1 (E.D.Pa. Sept. 12, 1996)). "The logic behind the limited immunity...is that high rank government officials have greater duties and time constraints than other witnesses and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." Id. (quotations omitted). As one of four Deputy Commissioners in the City of Philadelphia Police Department serving under Police Commissioner Danielle Outlaw, Deputy Commissioner Benjamin Naish qualifies as a high-ranking government official. See, https://www.phillypolice.com/about/leadership/ (indicating the Police Commissioner is served by one three-star Deputy Commissioner, Christine Coulter, and three two-star Deputy Commissioners); See also Holt v. Pennsylvania, 2020 WL 435752, at *3 (M.D.Pa., Jan. 28, 2020) (noting that the Third Circuit has not set a bright-line rule

for who qualifies as a high ranking government official, but finding that actively serving Police Department "high administrative heads are high-ranking officials for this purpose.") <u>citing</u> <u>U.S. v. Sensient Colors, Inc.</u>, 649 F.Supp.2d 309 (D.N.J. 2009); <u>citing</u> <u>also</u> <u>Alliance for Global Justice v. District of Columbia</u>, No. 01–00811 (PLF/JMF), 2005 WL 1799553, (D.D.C. July 29, 2005); <u>Bardoff v. United States</u>, 628 A.2d 86 (D.C. 1993); <u>Davis v. United States</u>, 390 A.2d 976 (D.C. 1978).

"To protect these interests, the party requesting the deposition of a high-ranking government official must show that the proposed deposition is: (1) likely to lead to the discovery of admissible evidence; (2) is essential to that party's case; and (3) that this evidence is not available through any alternative source or less burdensome means." <u>Id.</u>  Plaintiff cannot meet any of these requirements.

As to the first prong of the test, that the proposed deposition is "likely to lead to the discovery of admissible evidence," plaintiff must "make an actual showing that [the Deputy Commissioner] possesses personal knowledge relevant to the litigation." <u>Robinson v. City of Phila.</u>, No. 04-3948, 2006 WL 1147250, at *2 (E.D. Pa. Apr. 26, 2006).  Plaintiff will likely contend that Deputy Commissioner Naish has personal and relevant knowledge because he was copied on an email regarding the change in scheduling for the Officer Involved Shooting Investigation ("OISI") Unit in July 2019.

This is insufficient, however, as the email was prepared by Chief Investigator Frank Vanore and sent to Lieutenant Jason Hendershot, individuals who will likely testify at deposition regarding its contents.  Further, the email references a

discussion between Vanore and Defendant Coulter regarding this policy change. Deputy Commissioner Coulter can testify to the decision and its contents during her deposition.  Further, Plaintiff cannot demonstrate that the testimony of Naish is essential to his case, as he lacks any personal knowledge of the underlying claims. Plaintiff has failed to send any specific discovery requests to Naish for information he may possess relevant to this matter.

Plaintiff has also not responded to Defendants' demand for an offer of proof regarding why this deposition is necessary and what testimony Plaintiff will seek to elicit from the Deputy Commissioner. For these reasons, therefore, Defendants request that this Court issue a Protective Order to Quash the Deposition Subpoena of Deputy Commissioner Benjamin Naish.

> C. <u>Any Deposition Testimony Plaintiff Seeks to Elicit from Defendants Deputy Commissioner Christine Coulter and Chief Inspector Dennis Wilson, Non-Party Individuals Deputy Commissioner Benjamin Naish, Chief Inspector Frank Vanore, Lieutenant Jason Hendershot and Police Officer Michael Davis Should be Limited by this Court.</u>

The Federal Rules of Civil Procedure allow that a party may obtain a protective order "in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1).  The Court may issue an order "forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(d).  Such protective orders may be issued where good cause exists as shown by the moving party.  <u>E.E.O.C. v. Defender Association of Philadelphia</u>, 2021 WL 2414586, at *1 (E.D.Pa. June 11, 2021).  If

good cause is demonstrated, "one of the remedies allowed is to forbid inquiry into certain matters or to limit the scope of inquiry into certain matters." Id.; citing Fed. R. Civ. P. 26(c)(1)(d).

Further, a Plaintiff bringing a claim may not subject Defendants to discovery wholly unrelated to the causes of action which have survived a Motion to Dismiss. Morlok v. City of Phila., 2022 WL 252185, at *3 (3d Cir., Jan. 26. 2022) (noting that the District Court had appropriately limited the Plaintiffs' discovery and depositions to information specifically related the remaining claim in Plaintiffs' case, unjust enrichment, and not those which may have applied to other causes of action). In Morlok, the Plaintiffs sought depositions related to the underlying reasons the City of Philadelphia created an electric vehicle policy, which were found to have no bearing on the surviving unjust enrichment claim. Id. at *4. Thus, the Third Circuit held, the District Court properly limited the scope of depositions under the Federal Rules of Civil Procedure. Id.

In the present matter, Plaintiff completely failed to indicate throughout the discovery process in this litigation, between the filing of his compliant in 2019 and February 14, 2022, how or in what way the testimony of Police Officer Michael Davis would have any relevancy to the claims of Defendants violation the FLSA or alleged retaliation under the Act. Despite the request made by counsel for Defendants on February 16, 2022, Plaintiff has not provided any offer of proof indicating what testimony he seeks to elicit from Police Officer Michael Davis or Deputy Commissioner Naish that is specifically relevant to this case. Should this

Court permit the deposition of Deputy Commissioner Naish to proceed, Defendants remain equally opposed to allowing his unrestricted testimony without Plaintiff first providing an offer of proof and this Court restricting the areas of inquiry Plaintiff may examine.

On January 11, 2022, Plaintiff was instructed by this Court to limit his discovery requests and questions direct to Defendants only to those areas which relate to the FLSA claims and this specific Complaint.  Plaintiff, however, sent discovery requests on January 17, 2022, which, in many parts, relate solely to the First Amendment action, including sealed Grand Jury testimony and the emails of Assistant District Attorney Tracy Tripp and the Honorable Robert Coleman of the Philadelphia Court of Common Pleas.  Plaintiff does not mention, at any point in these requests, any information or documents related to Deputy Commissioner Benjamin Naish or Police Officer Michael Davis.

Based on the discovery requests transmitted on January 17, 2022, and Plaintiff's disregard for this Court's specific instructions, it is the understanding of Defendants that Plaintiff will seek to elicit testimony regarding his First Amendment action and claims in any upcoming depositions. Such claims are wholly unrelated to the FLSA allegations on which this Complaint is based.  Therefore, Defendants respectfully request that this Court issue an Order precluding Plaintiff from asking questions at the depositions of Defendants Coulter and Wilson and non-party individuals Special Advisor to the Commissioner Francis Healy, Deputy Commissioner Benjamin Naish, Chief Inspector Frank Vanore, Lieutenant Jason

Hendershot and Police Officer Michael Davis about any issues related to the

Philadelphia District Attorney's Office, ADA Tracy Tripp, the Honorable Robert

Coleman, Grand Jury testimony and/or any other matters pertinent to his First

Amendment Complaint.  If this Court permits the depositions of Police

Commissioner Danielle Outlaw to proceed, Defendants request the same Order be

issued regarding the Commissioner's testimony.

## III.   CONCLUSION

Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia

respectfully request that this Honorable Court to enter an Order to Quash

Plaintiff's subpoenas and restrict the areas of questioning permitted by Plaintiff at

any upcoming depositions as described within this memorandum.


Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date:  February 22, 2022           BY:    s/ *Michael J. Sheehan*
                                   Michael J. Sheehan
                                   Assistant City Solicitor
                                   Pa. Attorney ID No. 321440
                                   City of Philadelphia Law Dept.
                                   1515 Arch St., 16th Fl.
                                   Philadelphia, PA 19102
                                   (215) 683-5362
                                   michael.sheehan@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DERRICK JACOBS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion for a Protective Order regarding Plaintiff's deposition subpoenas has been filed electronically and is available for viewing and downloading.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date:  February 22, 2022                    BY:    *s/ Michael J. Sheehan*
                                                                    Michael J. Sheehan
                                                                    Assistant City Solicitor