## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK JACOBS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2022, upon consideration of Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia's Motion to Quash the Subpoenas Duces Tecum of Police Commissioner Danielle Outlaw Sergeant Eric Gripp, Lieutenant Jason Hendershot, Lieutenant Patrick Quinn, Police Chief Inspector Frank Vanore, and Deputy Police Commissioner Robin Wimberly, it is hereby **ORDERED** that the Motion is **GRANTED**.

BY THE COURT:


_____
**JOEL H. SLOMSKY,** J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK JACOBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CHRISTINE COULTER, DENNIS WILSON, AND THE CITY OF PHILADELPHIA'S MOTION TO QUASH THE SUBPOENAS DUCES TECUM OF ERIC GRIPP, JASON HENDERSHOT, DANIELLE OUTLAW, PATRICK QUINN, FRANK VANORE, AND ROBIN WIMBERLY.**

Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia, pursuant to Federal Rule of Civil Procedure 45 and through their attorneys, respectfully move to quash Plaintiff Derrick Jacobs' subpoenas duces tecum of Danielle Outlaw, Eric Gripp, Jason Hendershot, Patrick Quinn, Frank Vanore, and Robin Wimberly, and for other relief as the Court deems just and proper. Defendants respectfully request that this Court grant their Motion to Quash on the grounds more fully described in the supporting memorandum of law.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>March 16, 2022</u>        BY:   <u>s/ *Michael J. Sheehan*</u>
                                            Michael J. Sheehan
                                            Assistant City Solicitor

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK JACOBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CHRISTINE COULTER, DENNIS WILSON, AND THE CITY OF PHILADELPHIA'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO QUASH THE SUBPOENAS DUCES TECUM OF DANIELLE OUTLAW, ERIC GRIPP, JASON HENDERSHOT, PATRICK QUINN, FRANK VANORE, AND ROBIN WIMBERLY.**

Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia ("Defendants") submit this Memorandum of Law in support of their Motion to Quash Plaintiff's subpoenas duces tecum in a civil action directed to non-parties Police Commissioner Danielle Outlaw, Sergeant Eric Gripp, Lieutenant Jason Hendershot, Lieutenant Patrick Quinn, Police Chief Inspector Frank Vanore, and Deputy Police Commissioner Robin Wimberly (the "Subpoenaed Parties").

Defendants respectfully request that this Court quash Plaintiff's subpoenas as they place an undue burden on the Subpoenaed parties, none of whom are parties to this case, and the Plaintiff's requests are grossly overbroad and vague. Plaintiff's Complaint alleges violations of the Fair Labor Standards Act ("FLSA") and Pennsylvania Wage Payment and Collection Law ("WPCL"), yet Plaintiff

continues to request "any and all" documents relating to him irrespective of their relevance to this case.

Plaintiff has continuously ignored this Court's repeated instructions to narrowly tailor his discovery requests from the City of Philadelphia. Much of the information Plaintiff is supposedly seeking has already been turned over by the City of Philadelphia, yet Plaintiff continues to send overbroad discovery requests in his unsubstantiated belief that Defendants have provided him with incomplete information. Plaintiff seeks to use these overbroad and vague subpoena requests to support the allegations made in a First Amendment Complaint filed on the same date as the one underlying this matter contrary to this Court's instructions during the Motion Hearing of January 11, 2022. See Jacobs v. City of Philadelphia, et al., No. 2:21-cv-00128-HB (Oct. 4, 2019) ("First Amendment Complaint").  Therefore, this Court should grant Defendants' Motion to Quash the subpoenas.

## I.    RELEVANT FACTUAL SUMMARY

1. Plaintiff first brought this action via a Complaint filed on October 4, 2019, the same day as the First Amendment Complaint referenced above.

2. Plaintiff's Amended Complaint, filed on February 5, 2020, contained three claims: (1) FLSA violations; (2) FLSA retaliation; and (3) WPCL violations. 1st Am. Compl. ¶¶ 23-32.

3. On January 20, 2021, this Court entered an Order dismissing Plaintiff's WPCL violation claims.

4. The Answers to Interrogatories and Responses to Requests for Production of

Documents for named defendants Christine Coulter and Dennis Wilson were emailed to Plaintiff on November 5 and the verifications were provided on November 8, 2021.

5.  On December 7, 2021, a settlement conference was held in which Plaintiff was asked to address any outstanding discovery issues.

6.  Plaintiff was instructed by the Court to put all outstanding discovery requests into an email and transmit them to counsel for Defendants, specifically identifying the documents he believed were still available to Defendants but had not yet been transmitted or emailed to him.

7.  On January 11, 2022, a hearing was held before the Honorable Joel H. Slomsky.

8.  During this hearing, Plaintiff was instructed by the Court to put his requests for additional documents, emails, or other records clearly and succinctly into an email to Defendants' counsel.

9.  Plaintiff sent an email on January 13, 2022, in which he did not request any additional documents.

10. Subsequently, Plaintiff issued two subpoenas requesting the deposition of Police Commissioner Danielle Outlaw, to which the City of Philadelphia responded with a Motion to Quash.

11. On or about February 21, 2022, Plaintiff transmitted seven (7) deposition subpoenas to Defendants' counsel.

12. On February 28, 2022, an additional hearing was held before the Honorable

Joel M. Slomsky in response to Defendants' Motion to Quash the Deposition subpoenas of Commissioner Outlaw and its request for clarification and intervention on the multiple deposition subpoenas sent by Plaintiff.

13. At the Hearing, the Court indicated it would issue an Order to quash the deposition subpoena of Commissioner Outlaw.

14. Plaintiff was again reminded by the Court to narrowly tailor his discovery requests from the City of Philadelphia to this specific case.

15. Plaintiff was also instructed to ask for the specific emails and memorandums he believed the City of Philadelphia had it its position, which Plaintiff has repeatedly failed to do, despite admitting he has possession of said documents.

16. Between March 5 and March 6, 2022, Plaintiff sent subpoenas duces tecum to the Subpoenaed Parties.  See Plaintiff's Subpoenas Duces Tecum, attached as Exhibits A-F.

17. All subpoenas have a response date of March 21, 2022, save for the subpoena to Lieutenant Hendershot which demands a response by March 16, 2022.  Id.

18. In the subpoena directed to Commissioner Outlaw, Plaintiff requests his entire personnel file and "[a]ll items related to Derrick Jacobs," including but not limited to all commendations, awards, certifications, and trainings.  See Ex. A.

19. In the subpoena directed to Sergeant Gripp, Plaintiff requests any and all memorandums, emails, daily attendance reports for any and all of the

Philadelphia Police Department personnel assigned to the Public

Affairs/Public Information Office regarding overtime payments. <u>See</u> Ex. B.

20. In the subpoena directed to Lieutenant Hendershot, Plaintiff requests any

and all documents relating to on-call overtime in the OISI unit as well as

"any/all communications and correspondence relating to Plaintiff, Derrick

Jacobs, while [Hendershot was] his Commanding Officer in the OISI unit."

Plaintiff also requests documents relating to any changes in Investigative

Responsibilities and cost analysis ordered by superiors, and DARs of the

OISI.  <u>See</u> Ex. C.

21. In the subpoena directed to Lieutenant Quinn, Plaintiff requests any and all

communications relating to himself with Commissioner Outlaw or any other

individual, including but not limited to Deputy Police Commissioner Coulter

and Chief Inspector Dennis Wilson. <u>See</u> Ex. D.

22. In the subpoena directed to Police Chief Inspector Vanore, Plaintiff requests

any and all communications relating to himself during Vanore's time as Chief

Inspector overseeing the OISI unit, and "all items related to Derrick Jacobs."

<u>See</u> Ex. E.

23. In Deputy Police Commissioner Wimberly's subpoena, Plaintiff requests his

entire Internal Affairs file, and "all items related to Derrick Jacobs." <u>See</u> Ex.

F.

24. The subpoenaed individuals are not parties to this case, and all relevant

information sought by Plaintiff in these subpoenas has been handed over

through previous discovery requests.

25. To the extent the requests made by Plaintiff are for discoverable documents or testimony, such information can be obtained from the named Defendants in this matter.

26. All documents known to Defendants that is relevant to this case or responsive to specific requests from Plaintiff was turned over, amounting to over seven-hundred pages of records, emails, Daily Activity Reports, personnel files, and other documents.

27. Additionally, Plaintiff has told the Court he possesses emails and memorandums that have not been turned over to the City of Philadelphia despite the City's request for those documents during discovery.

## II.  ARGUMENT

Plaintiff now demands the production of documents from Police Commissioner Danielle Outlaw, Sergeant Eric Gripp, Lieutenant Jason Hendershot, Lieutenant Patrick Quinn, Police Chief Inspector Frank Vanore, and Deputy Police Commissioner Robin Wimberly, all of whom are non-parties in the present case and possess no additional records, files, or other documentation relevant to the FLSA claims in Plaintiff's Complaint for which Plaintiff provided a specific request.

### A.  Standard of Review

A Court may grant a Motion to Quash a subpoena requesting documents from a non-party where the person to whom the subpoena is targeted would be required

to disclose "privileged or protected matter…or subject[ed] to an undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii-iv). When considering whether a "subpoena places an undue burden on a non-party, the court considers issues such as relevance, the requesting party's need, the breadth of the request, and the burden imposed." United States v. Massimino, 368 F.Supp.3d 852, 855 (E.D.Pa. 2019); quoting Diodato v. Wells Fargo Ins. Services USA, Inc., 2013 WL 6054824 (M.D.Pa. 2013).

The subpoenaing party must demonstrate, as an initial matter, that his requests are "relevant to [his] claims and defenses" under the Federal Rules of Civil Procedure. In re Domestic Drywall Antitrust Litigation, 300 F.R.D. 234, 239 (E.D.Pa. 2014). If this is demonstrated, the burden then shifts to the party moving to quash the subpoena to demonstrate that compliance would be unreasonable and oppressive. Owens v. QVC, 221 F.R.D. 430, 432 (E.D.Pa. 2004).

The Federal Rules of Civil Procedure require that a Plaintiff "responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). When a subpoena is issued to a non-party the Court is required to consider factors including "[r]elevance, need, confidentiality, and harm." In re Mushroom Direct Purchaser Antitrust Litig., No 06-620, 2012 WL 298480, at *3 (E.D.Pa. 2012).

The "court 'must limit the…extent of discovery' where it is duplicative, where it can be obtained from another source that is 'more convenient, less burdensome, or less expensive,' [or] where the party seeking discovery has had ample opportunity to obtain the discovery." Avago Technologies U.S., Inc. v. IPtronics, Inc., 309 F.R.D.

294, 297 (E.D.Pa. 2015); quoting Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). If a non-party has already provided Plaintiff with significant discovery and much of what Plaintiff continues to seek could be obtained directly from named Defendants, discovery may be limited. Id. at 300. These limitations on overbroad discovery are especially relevant where discovery is "sought from a non-party. Broader restrictions may be necessary to prevent a non-party from suffering harassment or inconvenience." Avago, 309 F.R.D. at 297; quoting Frank v. Honeywell Int'l, Inc., 2015 WL 4770965, at *4 (E.D.Pa. 2015).

Additionally, discovery requests "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). "All encompassing demands" which do not allow a reasonable person to ascertain which documents are required do not meet the particularity requirements of Rule 34(b)(1)(A). In re Asbestos Prod. Liab. Litig. (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009); see Frank v. Tinicum Metal Co., 11 F.R.D. 83,85 (E.D. Pa. 1950) ("a blanket request…for the production of all books and records related to the subject matter is obviously too general and indefinite to be granted"). A Plaintiff calling for "any and all documents and materials" or "all files, including but not limited to…" without including a time or scope limitation are extremely overbroad, and it is unduly burdensome and costly for the subpoenaed party to produce all documents regardless of their connection to the case at hand. Id.

In Asbestos Prod. Liab. Litig., subpoenas were served upon non-party physicians for "any and all materials" that related to earlier requested materials. Id

at 152. The court held that these discovery requests were "unreasonable, overbroad, and overly burdensome" since they referenced many documents not relevant in any respect to the case. <u>Id</u> at 157. Therefore, the court limited the discovery requests to include only the documents relevant to the case at hand. <u>Id.</u>

### B. This Court Should Quash Plaintiff's Subpoenas as they are Duplicative, Place an Undue Burden on Non-Party Individuals and Lack any Timing or Relevance Limitations.

In the present matter, Plaintiff has sent multiple rounds of discovery requests demanding documents related to his approximately twenty-two years of service with the Philadelphia Police Department, irrespective of their relevance to the case at hand. Upon information and belief, many of Plaintiff's discovery requests relate directly to his First Amendment Complaint filed almost simultaneously with this Complaint on October 4, 2019. During the motions hearing on January 11, 2022, Plaintiff was instructed by the Court to limit his discovery requests to those which are specifically relevant to this matter, namely his allegations of FLSA violations and retaliation. During an additional hearing on February 28, 2022, Plaintiff was again instructed by the Court to narrowly tailor his discovery requests from the City of Philadelphia to this specific case. Plaintiff refused to follow the instructions of the Court and sent these six additional overbroad and vague subpoenas to individuals who are not a party to this case.

#### 1. The Commissioner Outlaw Subpoena.

Plaintiff now demands Commissioner Outlaw to produce his entire personnel file from his time with the Philadelphia Police Department as well as all items

related to himself.  <u>See</u> Ex. A. Not only has the City of Philadelphia already produced Plaintiff's personnel file, Commissioner Outlaw has previously said she has no documents relating to this case and Plaintiff himself has also testified that she never responded to his emails or memoranda. If Plaintiff believes something is missing from the personnel file that was turned over to him previously, he may request these from Defendants' Counsel directly.

It is wholly unnecessary and inappropriate under the Federal Rules of Civil Procedure to send an additional subpoena to Commissioner Outlaw, especially given that her deposition was previously quashed by this Court. Continuing to direct discovery requests at Commissioner Outlaw despite her lack of knowledge regarding Plaintiff's FLSA claims places an undue burden on the Police Commissioner, who, if required to turn over "all items related to Derrick Jacobs" will have to spend hours of valuable time searching for anything and everything that might include his name, reference to him a Detective in the OISI, or any other documents pertaining to his approximately twenty-two years of service, no matter their relevance to these proceedings. <u>See</u> Ex. A.  Plaintiff imposes no time or scope limitation upon this request. Plaintiff has made no indication in any of his discovery requests that Commissioner Outlaw can offer any information that is both relevant to the FLSA claims at issue here and could not be obtained by another, less intrusive source.  Defendants request, therefore, that the Court squash this subpoena.

## 2.  The Sergeant Eric Gripp Subpoena.

Plaintiff's subpoena directed at Sergeant Gripp requests information relating to the Philadelphia Public Affairs/Public Information Office (PIO), which handles press releases and responds to media on behalf of the City of Philadelphia.  See Ex. B.  Plaintiff uses "any and all" language without limiting his request at all in time or scope, placing an undue burden on the subpoenaed non-party.  Id.  He specifically requests, without any limitation in terms of time or subject matter, all documents, emails, daily attendance reports, etc. related to all employees of the PIO.  Id. No members of the PIO were named as defendants in this case and the request for documents regarding their emails and attendance records is completely inappropriate.

Beyond this request being extremely overbroad, vague and placing an undue burden on Defendants, the notion that non-party individuals should have their private communication and attendance records turned over to Plaintiff is unacceptable as such records will necessarily contain large quantities of information which will need to be redacted.  This will place a further burden on Defendants beyond those already described at length.  Additionally, Defendants deny that the work of the PIO is relevant in any way to Plaintiff's FLSA claims in this case.

## 3.  The Chief Inspector Frank Vanore and Lieutenant Jason Hendershot Subpoenas.

Plaintiff directs two extremely vague subpoenas to Chief Inspector Vanore and Lieutenant Hendershot, two individuals who have already produced relevant

documents and will sit for depositions in this matter. <u>See</u> Exs. C & E.  The subpoena to Lieutenant Hendershot asks for undefined items such as "on call overtime email" and "[r]eport prepared in December 2018." Ex. C.  Additionally, the subpoena requests the DARs of the entire OISI unit, when this case revolves only around Plaintiff's pay, not the pay of his colleague who are not a party to this action and for whom Plaintiff has not requested depositions or other documents. <u>Id.</u> Plaintiff requests "[d]ocuments to include but not limited to emails, texts messages, memorandums" but does not offer any more specifications. <u>Id.</u> The subpoena is overbroad in its entirety and is far too indefinite and vague.

The subpoena to Chief Inspector Vanore demands "any/all communications relating to Derrick Jacobs during [his] time as Chief Inspector overseeing the" OISI Unit. <u>See</u> Ex. E.  Further, both subpoenas contain extremely overbroad requests: the subpoena to Chief Inspector Vanore demands "all items related to Derrick Jacobs" while the one to Lieutenant Hendershot demands "any/all communications and/correspondence [sic] relating to Plaintiff, Derrick Jacobs while you were his commanding officer in the OISI Unit." <u>See</u> Exs. C & E.  Plaintiff was in the OISI Unit for over four years and these subpoenas ask the Defendants to find and produce any and all documents, emails, faxes, text messages, memoranda, etc. that may, in any way, relate to Plaintiff.  Again, these requests are extremely overbroad and would place an extreme burden on the City of Philadelphia were it forced to comply.

4. **The Lieutenant Patrick Quinn Subpoena**.

Plaintiff's subpoena directed at Lieutenant Quinn contain similar language simply requesting all documents relating to Plaintiff and any communications regarding him between various Philadelphia Police Department officials, many of which are not named Defendants in this case.  See Ex. D.  Defendants have requested all documents responsive to Plaintiff's multiple discovery requests and have produced all known documents which are not protected by privilege or confidentiality rules.  Here, Plaintiff asks for "[a]ny/All communications and/or correspondence relating to and/or regarding Derrick Jacobs with Philadelphia Police Commissioner Danielle Outlaw and/or any other individuals."  Id.  This is simply too overbroad and, again, seeks to force Defendants into an elaborate and expensive search of email accounts across the department, files in storage on site or off, City-issued cell phones, etc.  For these reasons, Defendants request that the Court quash the Lieutenant Patrick Quinn Subpoena.

5. **The Deputy Commissioner Wimberly Subpoena.**

Plaintiff requests "the entire Internal Affairs file" pertaining to him and "all items related to Derrick Jacobs."  See Ex. F.  This is grossly overbroad and unnecessarily vague.  As mentioned above, Plaintiff was an employee of the Philadelphia Police Department for twenty-two years, including time as an Officer, a Homicide Detective, and a Detective in the OISI Unit.  To produce every Internal Affairs file related to Mr. Jacobs and any and all other items related to him would be of enormous expense to the City of Philadelphia.  It would require not only

significant time from the information technology employees, but also paper

searched of files dating back to the late 1990s. This request is much too broad and

imposes a severe burden on the City of Philadelphia. The Defendants therefore ask

that this Court quash the subpoena.

III.   **CONCLUSION**

Plaintiff continues to make overbroad and vague subpoena requests despite

previous instructions by this Court to narrowly tailor his requests. Much of the

information Plaintiff claims to be seeking has already been turned over to him, yet

Plaintiff continues to make blanket requests that often do not make clear at all

what Plaintiff is now seeking. Where the requests are understood, they appear to

ask for any and all documents, emails, memoranda, etc. from Plaintiff's twenty-two

years of service to the Philadelphia Police Department or any and all similar

documentation for every member of the OISI Unit since its creation in January

2017.

This Court previously indicated that it would be forced to appoint a Special

Master if the discovery matters could not be resolved by the parties. Defendants

would like to avoid this as it would invariably cost both the pro se Plaintiff and the

City significant funds which is wholly unnecessary. Defendants have complied with

the discovery requests and have taken all reasonable steps and efforts to find the

documents demanded by Plaintiff. However, Defendants would ask this Court to

rule on these subpoenas and find them to violate the Court's multiple instructions

to Plaintiff regarding the manner and method in which he is to conduct his

discovery.

Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia

respectfully request that this Honorable Court enter an Order to Quash Plaintiff's

subpoenas of Police Commissioner Danielle Outlaw, Sergeant Eric Gripp,

Lieutenant Jason Hendershot, Lieutenant Patrick Quinn, Police Chief Inspector

Frank Vanore, and Deputy Police Commissioner Robin Wimberly.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>March 16, 2022</u>

BY: <u>s/ Michael J. Sheehan</u>
Michael J. Sheehan
Assistant City Solicitor
Pa. Attorney ID No. 321440
City of Philadelphia Law Dept.
1515 Arch St., 16th Fl.
Philadelphia, PA 19102
(215) 683-5362
michael.sheehan@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK JACOBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion to Quash Plaintiff's subpoenas has been filed electronically and is available for viewing and downloading.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>March 16, 2022</u>       BY:   <u>s/ *Michael J. Sheehan*</u>
                                        Michael J. Sheehan
                                        Assistant City Solicitor