IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK JACOBS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 19-4615 |
| CITY OF PHILADELPHIA, et al., | : |
| Defendants. | : |

ORDER

**AND NOW**, this _____ day of _____, 2022, upon consideration of Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia's Motion to Quash the Subpoena Duces Tecum of Captain Samantha Brown, it is hereby **ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

_____
JOEL H. SLOMSKY, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK JACOBS,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 19-4615 |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

### DEFENDANTS CHRISTINE COULTER, DENNIS WILSON, AND THE CITY OF PHILADELPHIA'S MOTION TO QUASH THE SUBPOENA DUCES TECUM OF SAMANTHA BROWN.

Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia, pursuant to Federal Rule of Civil Procedure 45 and through their attorneys, respectfully move to quash Plaintiff Derrick Jacobs' subpoena duces tecum of Samantha Brown, and for other relief as the Court deems just and proper. Defendants respectfully request that this Court grant their Motion to Quash on the grounds more fully described in the supporting memorandum of law.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: March 23, 2022       BY:   s/ *Michael J. Sheehan*
                                         Michael J. Sheehan
                                         Assistant City Solicitor

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK JACOBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

DEFENDANTS CHRISTINE COULTER, DENNIS WILSON, AND THE CITY OF PHILADELPHIA'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO QUASH THE SUBPOENA DUCES TECUM OF SAMANTHA BROWN.

Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia ("Defendants") submit this Memorandum of Law in support of their Motion to Quash Plaintiff's subpoenas duces tecum in a civil action directed to non-parties Captain Samantha Brown. Defendants respectfully requests that this Court quash Plaintiff's subpoena as they place an undue burden on the Subpoenaed party the Plaintiff's requests are grossly overbroad and vague.

I.  **RELEVANT FACTUAL SUMMARY**

1. Plaintiff first brought this action via a Complaint filed on October 4, 2019, the same day as the First Amendment Complaint referenced above.

2. Between March 5 and March 6, 2022, Plaintiff sent subpoenas duces tecum to multiple individuals who are not a party to this case.

3. On March 16, 2022, Defendants filed a Motion to Quash Plaintiff's subpoenas

on the grounds that, inter alia, they were overbroad and not in line with the specific instructions of this Court.  See Def.'s Mot. to Quash, Doc. No. 53.

4. The arguments and factual statements made by Defendants in that Motion are incorporated as though the same were set forth herein.

5. On March 16, 2022, following the Defendants' filing of their Motion, Plaintiff sent an additional subpoena directed to Captain Samantha Brown.  A true and correct copy of the subpoena is attached hereto as Exhibit A.

6. The subpoena directs Captain Brown to produce "[a]ny/all disciplinary documents, including but not limited to all counseling memorandums issued by you to members of the Internal Affairs Division for not responding to incident(s) occurring while members were in on call status." See Ex. A.

7. The request of a Captain who oversees the Internal Affairs Division ("IAD") to produce any and all disciplinary documents is, by its nature, a completely overbroad and vague request.

8. The subpoenaed individual is not a party to this case, and any discipline issued to individuals in the Internal Affairs unit is not relevant to the matter at hand.

9. Discipline of other Philadelphia Police Officers is of a private and internal nature and is not to be shared with private citizens simply upon demand.

10. To the extent the requests made by Plaintiff are for discoverable documents or testimony, such information can be obtained from the named Defendants in this matter.

## II. ARGUMENT

Plaintiff now demands the production of documents from Captain Samantha Brown, who is not a party to the present case and possess no additional records, files, or other documentation relevant to the FLSA claims in Plaintiff's Complaint for which Plaintiff provided a specific request.

### A. Standard of Review

A Court may grant a Motion to Quash a subpoena requesting documents from a non-party where the person to whom the subpoena is targeted would be required to disclose "privileged or protected matter…or subject[ed] to an undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii-iv). When considering whether a "subpoena places an undue burden on a non-party, the court considers issues such as relevance, the requesting party's need, the breadth of the request, and the burden imposed." United States v. Massimino, 368 F.Supp.3d 852, 855 (E.D.Pa. 2019); quoting Diodato v. Wells Fargo Ins. Services USA, Inc., 2013 WL 6054824 (M.D.Pa. 2013).

The subpoenaing party must demonstrate, as an initial matter, that his requests are "relevant to [his] claims and defenses" under the Federal Rules of Civil Procedure. In re Domestic Drywall Antitrust Litigation, 300 F.R.D. 234, 239 (E.D.Pa. 2014). If this is demonstrated, the burden then shifts to the party moving to quash the subpoena to demonstrate that compliance would be unreasonable and oppressive. Owens v. QVC, 221 F.R.D. 430, 432 (E.D.Pa. 2004).

The Federal Rules of Civil Procedure require that a Plaintiff "responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue

5

burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). When a subpoena is issued to a non-party the Court is required to consider factors including "[r]elevance, need, confidentiality, and harm." In re Mushroom Direct Purchaser Antitrust Litig., No 06-620, 2012 WL 298480, at *3 (E.D.Pa. 2012).

The "court 'must limit the…extent of discovery' where it is duplicative, where it can be obtained from another source that is 'more convenient, less burdensome, or less expensive,' [or] where the party seeking discovery has had ample opportunity to obtain the discovery." Avago Technologies U.S., Inc. v. IPtronics, Inc., 309 F.R.D. 294, 297 (E.D.Pa. 2015); quoting Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). If a non-party has already provided Plaintiff with significant discovery and much of what Plaintiff continues to seek could be obtained directly from named Defendants, discovery may be limited. Id. at 300. These limitations on overbroad discovery are especially relevant where discovery is "sought from a non-party. Broader restrictions may be necessary to prevent a non-party from suffering harassment or inconvenience." Avago, 309 F.R.D. at 297; quoting Frank v. Honeywell Int'l, Inc., 2015 WL 4770965, at *4 (E.D.Pa. 2015).

Additionally, discovery requests "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). "All encompassing demands" which do not allow a reasonable person to ascertain which documents are required do not meet the particularity requirements of Rule 34(b)(1)(A). In re Asbestos Prod. Liab. Litig. (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009); see Frank v. Tinicum Metal Co., 11 F.R.D. 83,85 (E.D. Pa. 1950) ("a blanket

6

request…for the production of all books and records related to the subject matter is obviously too general and indefinite to be granted"). A Plaintiff calling for "any and all documents and materials" or "all files, including but not limited to…" without including a time or scope limitation are extremely overbroad, and it is unduly burdensome and costly for the subpoenaed party to produce all documents regardless of their connection to the case at hand. Id.

In Asbestos Prod. Liab. Litig., subpoenas were served upon non-party physicians for "any and all materials" that related to earlier requested materials. Id at 152. The court held that these discovery requests were "unreasonable, overbroad, and overly burdensome" since they referenced many documents not relevant in any respect to the case. Id at 157. Therefore, the court limited the discovery requests to include only the documents relevant to the case at hand. Id.

### B. This Court Should Quash Plaintiff's Subpoena as it Places an Undue Burden on Captain Brown and Lacks any Timing or Relevance Limitations.

Plaintiff now demands Captain Brown produce any and all disciplinary documents. See Ex. A. Assuming, arguendo, that this request was unintentionally phrased, and Plaintiff seeks any and all disciplinary documents related to discipline issued to Internal Affairs officers and detectives when they failed to respond to incidents while on "on-call" status, it is still wildly overbroad, vague and places an undue burden on Defendants. First, Plaintiff's FLSA claims relate to his belief that he was entitled to around-the-clock payments for work while he served in the

Officer Involved Shooting ("OISI") Unit. The discipline issued by a Captain in a separate division to her subordinates is completely irrelevant to his claims.

Second, Plaintiff's subpoena, even when read in a light most favorable to him, demands documents from the entirety of Captain Brown's time with IA. This places an undue burden on Captain Brown as it not only requests her to search years of records both in electronic and paper form, but also redact and transmit found documents to Plaintiff. This is undoubtedly beyond the scope of reasonable discovery and is not limited whatsoever in time or subject matter as it refers to any and all documents.

Despite this Court's repeated instructions, Plaintiff's discovery requests and subpoenas continue to demand Defendants engage in incredibly time-intensive and costly searches of all records from one of the United States of America's largest Police Departments. Regardless of the merits of Plaintiff's case, this subpoena, like the ones referenced in the previous Motion to Quash, is overbroad, vague and places a severe burden on Defendants.

## CONCLUSION

Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia respectfully request that this Honorable Court enter an Order to Quash Plaintiff's subpoena of Captain Samantha Brown for the foregoing reasons.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>March 23, 2022</u>              BY: <u>s/ Michael J. Sheehan</u>
                                              Michael J. Sheehan
                                              Assistant City Solicitor
                                              Pa. Attorney ID No. 321440
                                              City of Philadelphia Law Dept.
                                              1515 Arch St., 16th Fl.
                                              Philadelphia, PA 19102
                                              (215) 683-5362
                                              michael.sheehan@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK JACOBS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 19-4615 |
| CITY OF PHILADELPHIA, et al., | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion to Quash Plaintiff's subpoena has been filed electronically and is available for viewing and downloading.

                                                                                                Respectfully Submitted,

                                                                                                CITY OF PHILADELPHIA
                                                                                                LAW DEPARTMENT

Date: March 23, 2022                                     BY:   s/ *Michael J. Sheehan*
                                                                                                   Michael J. Sheehan
                                                                                                   Assistant City Solicitor