IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DERRICK JACOBS**     CIVIL COMPLAINT NUMBER: 19-CV-4615

V.

**CITY OF PHILADELPHIA, et al.**

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF QUASHED SUBPOENA DIRECTED AT PHILADELPHIA POLICE COMMISSIONER DANIELLE OUTLAW

Plaintiff, Derrick Jacobs respectfully request the reconsideration of the Court's Order on March 1, 2022 granting the defendants' Motion to Quash the subpoena directed at Philadelphia Police Commissioner, Danielle Outlaw.

### A. BRIEF BACKGROUND SUMMARY

On **October 4, 2019** Plaintiff, Derrick Jacobs (pro se), filed an FLSA complaint for the Defendants' failure to pay plaintiff overtime while the plaintiff was in "on call" status. The complaint also alleged retaliation against the plaintiff. On **February 5, 2020** Plaintiff, Derrick Jacobs (pro se) filed an amended complaint, listing the same allegations. On **August 23, 2021** the defendants' served their initial disclosures upon the plaintiff. The defendants' listed the retaliatory action of charging the plaintiff with "Conducting Unbecoming of an Officer" for his participation in a podcast discussing a separate litigation matter as justification for the disciplinary action. The initial fact discovery deadline was **November 22, 2021**. Due to the defendants failure to provide discovery, on **January 12, 2022** the Court extended the fact discovery deadline to **February 28, 2022** (Document 38). The defendants' continued violations of the Federal Rules of Civil Procedure (FRCP) necessitated an additional conference with the Court which was held on **February 28, 2022**. On **March 1, 2022** the Court issued an Order

1

extending the fact discovery deadline to **April 28, 2022**. During the conference with the Court, deposition subpoenas were granted for Benjamin Naish and Michael Davis. The deposition subpoena for Philadelphia Police Commissioner Danielle Outlaw was denied, but the Court stated the matter could be revisited upon the Plaintiff discovering additional facts to support the deposition. Due to the defendants' continued failure to provide discovery according to the FRCP, the Plaintiff, while attempting to obtain the discovery uncovered a conspiracy to frame the plaintiff and retaliate against him for his Federal Court filing(s). The defendants conspired with the City Solicitor's Office to create the narrative that Detective Jacobs violated Departmental policy when he discussed his litigation regarding his First Amendment Retaliation claims against the City of Philadelphia, Lawrence Krasner, and Tracy Tripp (Retaliation for discussing Retaliation during podcast). The defendant in this matter (Dennis Wilson) initiated the retaliatory discipline for the podcast (admitted during deposition held on **April 4, 2022**). During defendant Wilson's deposition on **April 4, 2022**; Defendant Wilson could not state the Departmental policy the Plaintiff violated, does not recall what was stated by Plaintiff that violated Departmental policy, does not know the name of the person(s) who alerted him to the podcast, does not know who obtained the podcast for him, does not know who provided the podcast. Wilson also stated Plaintiff, was found guilty of the charges. Wilson then stated he never received any information regarding the discipline after he initiated the discipline. During Defendants' initial disclosures, a **March 6, 2020** memorandum and email to Philadelphia Police Commissioner Danielle Outlaw by Plaintiff was submitted. The disclosure showed defendant, Dennis Wilson's blatant violations of the Departmental policies of the Philadelphia Police Department in an attempt to retaliate against plaintiff, Derrick Jacobs.

B. **ARGUMENT**

After the **February 28, 2022** conference with Judge Joel H. Slomsky and the subsequent **March 1, 2022** Order, Plaintiff, Derrick Jacobs discovered and determined the reconsideration of Philadelphia Police Commissioner Danielle Outlaw's deposition subpoena is crucial and vital in the plaintiff's defense and/or support of his claims. Upon information and belief, Philadelphia Police Commissioner Danielle Outlaw either willfully ignored and/or actively participated in the retaliatory actions committed by the Defendants against Plaintiff Jacobs. Philadelphia Police Commissioner Danielle Outlaw possesses the plenary power to have stopped the retaliatory actions and intentionally abdicated that responsibility.

C. **CONCLUSION**

Based upon the above listed information Plaintiff's request for the reconsideration of Philadelphia Police Commissioner Danielle Outlaw' Deposition Subpoena be GRANTED.

Date:  4/18/2022

_____
Derrick Jacobs,
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I, Derrick Jacobs, Plaintiff within the above-captioned matter, hereby certify that a true and correct copy of Plaintiff's Motion according to the Federal Rules of Civil Procedure was sent via email and/or ECF upon the following on the date shown below,

    Nicole Morris, Esq.
    Michael Sheehan, Esq.
    City Solicitor
    City of Philadelphia Law Department
    1515 Arch Street, 16th Floor
    Philadelphia, PA  19102
    nicole.morris@phila.gov
    michael.sheehan@phia.gov

Date: 4/18/2022

                                            Derrick Jacobs,
                                            Plaintiff, *Pro Se*