`IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK JACOBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2022, upon consideration of Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia's Motion to Enjoin Plaintiff from Disseminating Transcripts or Discussing or Disseminating Deposition Testimony prior to the Order Following the Hearing Regarding Defendants' Motion for a Protective Order, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**.  Plaintiff shall be enjoined from disseminating transcripts or discussing deposition testimony with third parties unless and until an appropriate Order is entered by this Court.

BY THE COURT:

_____
**JOEL H. SLOMSKY**, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DERRICK JACOBS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CHRISTINE COULTER, DENNIS WILSON, AND THE CITY OF
PHILADELPHIA'S MOTION TO ENJOIN PLAINTIFF FROM DISSEMINATING
TRANSCRIPTS OR DISCUSSING OR DISSEMINATING DEPOSITION
TESTIMONY PRIOR TO THE ORDER FOLLOWING THE HEARING
<u>REGARDING THE DEFENDANTS' MOTION FOR A PROTECTIVE ORDER</u>**

Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia,

pursuant to Federal Rules of Civil Procedure 65 and through their attorneys,

respectfully request this Court to enjoin Plaintiff from disseminating deposition

transcripts or discussing or disseminating deposition testimony prior to the Order

following the hearing regarding Defendants' Motion for a Protective Order.

Defendants respectfully request that this Court grant their Motion to Enjoin on the grounds more fully described in the supporting memorandum of law.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>May 11, 2022</u>            BY:   <u>s/ *Michael J. Sheehan*</u>
                                      Michael J. Sheehan
                                      Assistant City Solicitor

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK JACOBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CHRISTINE COULTER, DENNIS WILSON, AND THE CITY OF PHILADELPHIA'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO ENJOIN**

I.      INTRODUCTION

Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia ("Defendants") submit this Memorandum of Law in support of their Motion to Enjoin Plaintiff from disseminating deposition transcripts or discussing or disseminating deposition testimony prior to the Order following the hearing regarding Defendants' Motion for a Protective Order.  A hearing regarding Defendants' Motion was originally scheduled for May 9, 2022, but Plaintiff objected and the hearing was rescheduled for May 16, 2022. In the intervening week, it is probable that Plaintiff will receive and publicly discuss or disseminate the deposition transcript of Defendant Christine Coulter and may further publicly discuss or disseminate the deposition transcript of Defendant Dennis Wilson. The deposition transcripts are not yet evidence in this matter under the stipulations agreed to at the start of the depositions and thus are not available for public

consumption. The issues regarding the deposition transcripts will be further developed during the scheduled hearing regarding Defendants' Motion for a Protective Order. In the interim, Defendants respectfully request that this Court to grant Plaintiff's Motion to Enjoin Plaintiff on the grounds more fully described below.

## II.   RELEVANT FACTUAL SUMMARY

1. Plaintiff first brought this action via by filing a Complaint on October 4, 2019.

2. Plaintiff filed an Amended Complaint on February 5, 2020.

3. On October 4, 2019, Plaintiff filed an additional Complaint, No. 19-cv-4616, alleging, *inter alia*, violations of the First Amendment against the City of Philadelphia and members of the District Attorney's Office. See <u>Jacobs v. City of Philadelphia, et al.</u>, No. 2:19-cv-04616 (Oct. 4, 2019) ("First Amendment Complaint").

4. An internal error in the Eastern District filing system led the Court to file a Second Amended Complaint in that matter as a new action. See <u>Jacobs v. City of Philadelphia, et al.</u>, No. 2:21-cv-00128, Jan. 25, 2021, Docket Order (ECF No. 4) (ordering that the docket for 21-00128 be closed and any related filings added to existing Case No. 19-461, the First Amendment Complaint).

5. On March 1, 2022, in response to Defendants' request to limit the questioning at deposition by the *pro se* Plaintiff, the Court issued an Order stating that Plaintiff was not permitted to "ask questions which would elicit testimony

related to" his other Complaint, identified in the Order as No. 21-00128.

March 1, 2022, Dep. Order (ECF No. 49).

6. During the deposition of deposition of Dennis Wilson on April 4, 2022,
   Plaintiff asked numerous questions completely unrelated to the FLSA claims
   in his Amended Complaint.

7. Subsequently, on May 2, 2022, Defendants discovered that a website,
   Bigtrial.net, published specific quotes from the deposition including full
   questions by Plaintiff and partial responses from Dennis Wilson. See Dennis
   Wilson: I Was Demoted Because City Got Too Much 'Heat', BigTrial.net, May
   2, 2022 (available at https://www.bigtrial.net/2022/05/dennis-wilson-demoted-
   because-of-too.html), a true and correct copy of which is attached hereto as
   Exhibit A.

8. Plaintiff Derrick Jacobs provided information to this website in the past and
   was featured in stories on the website on numerous previous occasions.  See,
   e.g., Detective: D.A. Tampered With Witness in Officer Involved Shooting,
   BigTrial.net, Nov. 18, 2019 (containing direct quotes attributed to a Detective
   Jacobs of the Officer Involved Shooting Investigation Unit, the same unit
   which Plaintiff was a member of before his retirement); Detective: D.A.
   Conspired To Maliciously Prosecute Me For Telling The Truth About An
   Officer-Involved Shooting, BigTrial.net, March 5, 2020 (containing additional
   quotes from Plaintiff).

9. At the Zoom deposition of Defendant Dennis Wilson on April 4, 2022, only

four individuals were present: the Court Reporter, Dennis Wilson, counsel for

Defendants, and Plaintiff Derrick Jacobs.

10. Upon information and belief, the only one of the four individuals who had

reason or motive to provide the transcript, or any information contained

therein, to the website BigTrial.net was Plaintiff Derrick Jacobs.

11. Plaintiff never indicated that he sought to disseminate the transcript to a

third party prior to trial, nor did he request that opposing counsel waive his

client's right to read and sign the deposition.

12. The deposition of Christine Coulter took place via Zoom on April 28, 2022.

13. At the start of the deposition, Plaintiff requested, for the first time, to take a

video recording of the deposition.

14. Counsel for Defendants refused this request and Plaintiff confirmed he would

not record the deposition.

15. Upon information and belief, Plaintiff will seek to use the deposition

transcript of Christine Coulter to cause her undue embarrassment, hardship

or simply to disseminate private information concerning the internal

workings of the Philadelphia Police Department when that transcript

becomes available from the Court Reporter.

16. Defendants, therefore, sought a Protective Order to have the deposition

transcripts of Dennis Wilson and Christine Coulter designated as

Confidential and Sealed.

17. A hearing regarding the Defendants' Motion for a Protective Order was

scheduled for May 9, 2022.

18. Plaintiff responded to the scheduling Order, claiming that he would be forced to expend hundreds of dollars to return to Court on May 9, 2022, to attend the hearing.

19. The hearing was rescheduled for May 16, 2022.

20. Upon information and belief, Plaintiff may likely receive the transcript of the testimony of Defendant Christine Coulter prior to the hearing on May 16, 2022.

21. Upon information and belief, an Order enjoining Plaintiff from further dissemination of any deposition testimony or transcripts prior to hearing will not significantly impact Plaintiff's rights in any manner.

22. The Defendants therefore request that this Court issue an Order to Enjoin Plaintiff from further dissemination of deposition transcripts and any discussion or dissemination of the testimony contained in those transcripts.

## III.   ARGUMENT

Federal Rule of Civil Procedure 65 generally permits a party to request the Court to issue injunctive orders to prevent additional harm against a party while awaiting on hearing on an issue's merits. Fed. R. Civ. P. 65; <u>Independent Tape Merchat's Ass'n v. Creamer</u>, 396 F.Supp. 456, 459-60 (M.D.Pa. 1972). The Court may also enjoin a party from actions related to "wasteful duplication of litigation" where a case is being heard in another court or forum. <u>Telephonics Corp. v. Lindly & Co.</u>, 291 F.2d 445, 447 (2d Cir. 1961). Courts in the Third District have the

authority to temporarily enjoin a party from speech which may be detrimental or harmful to another while facts or motions at issue are decided. See, generally, B.H. ex rel. Hawk. v. Easton Area School Dist., 725 F.3d 293, 301 (3d Cir. 2013); Powelton Civic Home Owners Ass'n v. Department of Housing and Urban Development, 284 F.Supp. 809, 816 (E.D.Pa. 1968).

Courts in the Third Circuit have held, while a permanent injunction on libelous or harmful speech is not generally warranted, temporary enjoinment of a party may be properly granted upon the motion of the wronged party. Kramer v. Thompson, 947 F.2d 666 (3d Cir. 1991). Additionally, a party who may not be able to financially satisfy a future damages award for libelous or harmful speech may be enjoined from engaging in acts which would expose him to litigation. Tarugu v. Journal of Biological Chemistry, 478 F.Supp.3d 552, 559-560 (W.D.Pa. 2020).

Plaintiff in the present matter is pro se and, as such, is not supported by any malpractice insurance carrier which could dissuade him from future harmful actions against the named defendants. Moreover, Plaintiff has repeatedly stated both in Court and during his on-camera discussion of the deposition of Dennis Wilson that he is of limited financial means. He therefore may not be able to adequately handle the cost of future litigation against him for any acts taking in violation of this Court's Order of March 1, 2022, or additional tortious conduct on his part.

The limited request of Defendants to enjoin Plaintiff from the dissemination of deposition transcripts or the discussion or dissemination of their contents prior to

the hearing regarding Defendants' Motion for a Protective Order is extremely limited in scope and solely designed to prevent additional harm to defendants. The Plaintiff will not experience any harm as a result of the proposed Order as it does not impact his ability to proceed with his case based on allegations of FLSA violations and retaliation.

## III.    CONCLUSION

Defendants Christine Coulter, Dennis Wilson, and the City of Philadelphia respectfully request that this Honorable Court to enter an Order Enjoining Plaintiff from Disseminating Transcripts or Discussing or Disseminating Deposition Testimony prior to the Order Following the Hearing Regarding Defendants' Motion for a Protective Order.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: May 11, 2022                          BY:   s/ *Michael J. Sheehan*
Michael J. Sheehan
Assistant City Solicitor
Pa. Attorney ID No. 321440
City of Philadelphia Law Dept.
1515 Arch St., 16th Fl.
Philadelphia, PA 19102
(215) 683-5362
michael.sheehan@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DERRICK JACOBS,                    :
                                   :
          Plaintiff,               :
                                   :
          v.                       :        Civil Action No. 19-4615
                                   :
CITY OF PHILADELPHIA, et al.,      :
                                   :
          Defendants.              :

---

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion to Enjoin

Plaintiff has been filed electronically and is available for viewing and downloading.


                              Respectfully Submitted,

                              CITY OF PHILADELPHIA
                              LAW DEPARTMENT

Date: May 11, 2022            BY:    s/ *Michael J. Sheehan*
                                   Michael J. Sheehan
                                   Assistant City Solicitor