## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DERRICK JACOBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

### ORDER

**AND NOW**, this _____ day of _____, 2022, upon consideration of Defendants City of Philadelphia, Christine Coulter, and Dennis Wilson's Response in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint, and any reply thereto, it is hereby **ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____
**JOEL H. SLOMSKY**, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DERRICK JACOBS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CITY OF PHILADELPHIA, CHRISTINE COULTER, AND
DENNIS WILSON'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Defendants City of Philadelphia, Christine Coulter, and Dennis Wilson file

this supplemental response to Plaintiff's Motion for Leave to File an Amended

Complaint, respectfully requesting that this Court deny Plaintiff's motion on the

grounds more fully described in the supporting memorandum of law.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>May 12, 2022</u>          BY:   <u>s/ Michael J. Sheehan</u>
                                     Michael J. Sheehan
                                     Assistant City Solicitor

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK JACOBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT**

Defendants City of Philadelphia, Christine Coulter, and Dennis Wilson

submit this memorandum of law in support of their Supplemental Response in

Opposition to Plaintiff's Motion for Leave to File an Amended Complaint.

## I.      FACTUAL AND PROCEDURAL SUMMARY

Plaintiff filed an initial Complaint in this matter on October 4, 2019.  Compl.,

(ECF No. 1).  Plaintiff served his Complaint on Defendants on October 17, 2019. See

Summons (ECF No. 3).  On February 5, 2020, following Defendants' Motion to

Dismiss, Plaintiff filed an Amended Complaint.  Am. Compl. (ECF No. 12).  On

January 20, 2021, this Court denied in part and granted in part Defendants' Motion

to Dismiss the Amended Complaint.  Jan. 20, 2021, Court Order (ECF No. 17).  On

March 1, 2021, Defendants filed an Answer to Plaintiff's Amended Complaint.  Defs.

Ans. To Am. Compl. (ECF No. 18).

1

On December 7, 2021, Plaintiff requested an extension of the discovery deadlines.  Plf. Req. of Dec. 7, 2021 (ECF No. No. 26).  On January 12, 2022, the Court granted the request and extended discovery to February 28, 2022.  Jan. 12, 2022, Scheduling Order (ECF No. 38).  On March 1, 2022, the Court again extended the discovery deadlines to April 28, 2022.  March 1, 2022, Am. Scheduling Order (ECF No. 48).  Discovery has now closed and Plaintiff, for the first time in over two years, seeks to file an Amended Complaint adding ten new defendants and three causes of action, all of which Plaintiff had the opportunity to litigate or were previously dismissed and now currently on appeal with the Third Circuit in a separate action.

### A.  THE FIRST AMENDMENT LITIGATION.

Separately and apart from the current matter, Plaintiff filed a Complaint against the "City of Philadelphia, Philadelphia District Attorney's Office, Lawrence S. Krasner, Tracy Tripp et al [sic]" on October 4, 2019. See Pltf's Complaint, Docket No. 2:19-cv-04616, Oct. 4, 2019 (generally, the "First Amendment Litigation"). In the First Amendment Litigation, Plaintiff subsequently filed an Amended Complaint (Nov. 8, 2019). See Docket No. 2:19-cv-04616 (ECF No. 3). A true and correct copy of the Amended Complaint in the First Amendment Action is attached hereto as Exhibit "A." In his Amended Complaint, Plaintiff alleged the following bases for jurisdiction: violations of 42 USC §1983 ("Deprivation of Rights," "Malicious Prosecution," and "Defamation"); conspiracy, false declarations, violations of the Pennsylvania whistleblower law, official oppression, conspiracy,

2

and discrimination. Id. Defendants in that matter filed a Motion to Dismiss and the Court dismissed Plaintiff's claims under §1983 for official oppression. Plaintiff appealed, and the Third Circuit reversed the dismissal of the First Amendment retaliation and conspiracy claims, as well as for the employment discrimination claim as to the Pennsylvania Whistleblower Law.  Jacobs v. City of Phila., 836 F.App'x.120 (3d Cir. 2020). However, the Third Circuit confirmed the dismissal of the other claims.

On remand, Plaintiff subsequently filed a Second Amended Complaint (Jan. 25, 2021), a Third Amended Complaint (Jan. 26, 2021), and a Fourth Amended Complaint (Feb. 25, 2021). See 2:19-cv-04616 (ECF Nos. 24, 27, 29). In his Fourth Amended Complaint, Plaintiff named the following defendants: City of Philadelphia, Police Commissioner Danielle Outlaw, Deputy Commissioner Christine Coulter, District Attorney Lawrence Krasner, Assistant District Attorney Tracy Tripp, Chief Inspector Dennis Wilson, Inspector Benjamin Naish, Inspector DF Pace, Lieutenant Jason Hendershot, and Lieutenant Patrick Quinn.[1] See Pltf's Fourth Amd. Comp., Feb. 25, 2021 (2:19-cv-04616, ECF No. 29)[2].

Plaintiff's Fourth Amended Complaint cut off at 232 paragraphs, but Plaintiff in included an attachment containing paragraphs 232-457. subsequently filed a Motion in which he attached additional averments in two parts: Part I includes averments 1-282 and Part II includes averments 283-560. See Pltf. Fourth Amd.

---

[1] In his prior Complaints, Plaintiff named the District Attorney's Office as a Defendant, but failed to do so in the Fourth Amended Complaint.
[2] In his Fourth Amended Complaint, Plaintiff identified both Francis Healy and Frank Vanore, suggesting he was part of the conspiracy against him. See Ex. B, ¶¶65-66; Ex. D, ¶419.

Comp. Ex. 1, Feb. 25, 2021 (2:19-cv-04616, ECF No. 29, Ex. 1). A true and correct copy of the entire pleading, containing averments 1-457, is attached hereto as Exhibit "B."[3]

Following his first attempt at filing a Fourth Amended Complaint, Plaintiff was first ordered to not file any further amended complaints after March 2, 2021, by the Honorable Judge Bartle.  See Leave to Amd. Ord., March 2, 2021 (2:19-cv-04616, ECF No. 32). Defendants filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim on March 20, 2021. See Mot. to Dismiss, March 20, 2021 (2:19-cv-04616, ECF No. 33). Judge Bartle issued an Opinion in which he refused to consider the additional facts pled in Plaintiff's response to the Motion to Dismiss as they were not included in the original complaint. See Opn. and Ord. of the Court, June 16, 2021 (2:19-cv-04616, ECF No. 35). Judge Bartle held that Plaintiff was in violation of the Court Order of March 2, 2021, and stated that the filing of a fifth amended complaint would be prejudicial to defendants. Id.

## B.  PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT.

Plaintiff now seeks to file a Second Amended Complaint, over two years after his last Amended Complaint.  Plaintiff repeats and restates the claims made both in his First Amended Complaint in this matter and those contained within his Fourth Amended Complaint in the First Amendment Litigation. See Ex. B and Pltf's

---

[3] Notably, Plaintiff failed to reassert the claim for discrimination made in his original Complaint but identified numerous alleged instances of racial discrimination against him and other African American citizens of Philadelphia. See Ex. B, ¶¶225-229; Ex. C, ¶¶234, 275-276, 421-425, 439, 451-452 (alleging, *inter alia*, that Jacobs, an African American, was subject to a conspiracy by defendants to protect a white PPD officer).

4

Proposed Second Amended Complaint, Apr. 1, 2022 (ECF No. 60; hereafter "Proposed Complaint"). A true and correct copy of the Proposed Complaint is attached hereto as Ex. "C." The entirety of Plaintiff's factual basis for the Proposed Complaint was initially contained in one sentence in a Motion for Leave to Amend filed on March 23, 2022: "[t]he amended complaint will amplify the original allegations contained in the complaint as well as add additional parties." See Mot. for Leave to Amd., March 23, 2022 (ECF No. 53).  Plaintiff argued that he "learned of the information precipitating this Motion" during March 2022. Id.[4]

Defendants filed their response in opposition to the Motion on April 1, 2022, immediately after which Plaintiff filed the Proposed Complaint. In his Proposed Complaint, Plaintiff identifies all parties from his First Amendment Action as defendants. The only additional defendants added are Francis Healy and Frank Vanore, both of whom are employees of the Philadelphia Police Department ("PPD"). Plaintiff had previously identified Healy and Vanore as part of the conspiracy against him during various times in his First Amendment Action pleadings. See, e.g., Ex. B, ¶¶65-66 (alleging Francis Healy intentionally avoided speaking to Plaintiff as part of the overarching conspiracy against him); See also Pltf. Amd. Mot. to Dismiss Rsp., Ex. 1, ¶419, Apr. 8, 2021 (19-cv-4616, ECF No. 34) (asserting that Chief Inspector Frank Vanore was aware of the alleged retaliation against Plaintiff prior to April 8, 2021).

---

[4] It appears the only reference to March 2022 in Plaintiff's Proposed Complaint is regarding a press conference given by Police Commissioner Danielle Outlaw in which she made no mention of Plaintiff or any of his ongoing litigation.

Plaintiff's pleadings repeat the same allegations made against the District Attorney's Office ("DAO"), Lawrence Krasner, Tracy Tripp, and other individuals from the First Amendment Action, claiming a vast conspiracy perpetrated by the DAO, the PPD and the City of Philadelphia Law Department to frame him or retaliate against him. See Ex. C, ¶89. Plaintiff's averments in the Proposed Complaint contain dozens of word-for-word copies of the allegations made in his Fourth Amended Complaint. Compare Ex. B, ¶¶44-51 with Ex. C, ¶¶32-38; Ex. B, ¶¶52-69 with Ex. C, ¶¶41-59; Ex. B, ¶¶89-120 with Ex. C, ¶¶69-87, 90-104, etc.

Plaintiff Proposed Complaint adds averments regarding other individuals in the City of Philadelphia, including but not limited to: Keir Bradford-Grey, former Chief Public Defender, Detectives Anthony Voci, Danielle Slobodian, and Shawn Leahy of the PPD, Khasandra Franklin, and others as apparent support for his claim of discrimination or conspiracy, without any supporting evidence or statements showing he is entitled to relief regarding these individuals. In his Proposed Complaint, Plaintiff also supplements the same or similar averments made in the Fourth Amended Complaint with parentheticals identifying the race of the individual from the PPD. See, e.g., Ex. C ¶¶174, 187, 193 (adding that Naish, Hendershot, and Quinn are "white male[s]").

The Proposed Complaint contains almost identical counts to his First Amended Complaint in this matter, filed February 5, 2020, regarding alleged Fair Labor Standards Act ("FLSA") violations. See Pltf. Amd. Comp., Feb. 5, 2020 (ECF No. 12). In his second count of the Proposed Complaint, for "FLSA retaliation

hostile work environment", Plaintiff claims that the retaliation against him now includes the disciplinary proceedings following his leaks of confidential, internal PPD information on a podcast. See Ex. C, Count II. However, Plaintiff also alleges therein that the retaliation was based on his alleged exercise of his First Amendment rights, as argued in his First Amendment Litigation. Id. ¶282.

Count III of Plaintiff's Proposed Complaint contains a new cause of action for "First Amendment Retaliation on the Basis of Race." Id., Count III. Apparently, Plaintiff seeks to argue that a wholly unrelated action currently in litigation involving separate PPD employees in the Eastern District of Pennsylvania demonstrates a pattern of conspiracy against him, even though the circumstances surrounding that action postdate Plaintiff's last day of employment. Id. ¶¶285-289 (indicating that last date of any purported discriminatory or retaliatory action against him based on race occurred on January 18, 2020).

Counts IV (Conspiracy) and Count V (violation of the Pennsylvania Whistleblower Statute) were previously alleged in his First Amendment Litigation. Count IV's allegations consist of unsupported and frivolous claims that "Defendants and their Counsel have consistently conspired to violate [Plaintiff's] Constitutional Rights by communicating…" and, as support, identifies the disciplinary action previously identified in the First Amendment Litigation. Id. ¶310. Plaintiff attempts to make an unsubstantiated connection between actionable claims and discovery disputes, the latter of which have been heard numerous times by this Court. Id. Judge Bartle, in the Order granting Defendants' Motion to Dismiss in the

First Amendment Litigation, specifically instructed Plaintiff that his Whistleblower Statute was to be filed in a Pennsylvania state court. <u>See</u> Opn. and Ord. of the Court, June 16, 2021 (2:19-cv-04616, ECF No. 35).

As discussed below, Plaintiff know or should have known all newly added facts in his Proposed Complaint prior to the First Amended Complaint's filing on February 5, 2020. He had two years since that filing to put a Proposed Complaint before this Court and his Motion is completely prejudicial to the defense of this matter by the City of Philadelphia. Moreover, the additional counts are merely an attempt to combine the First Amendment Litigation that was dismissed by Judge Bartle with his FLSA claims to circumvent the judicial process.

## II.    <u>ARGUMENT</u>

### A.  STANDARD OF REVIEW[5]

Federal Rule of Civil Procedure 15(a) provides that a party may amend their pleading after twenty-one days "only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  The Third Circuit instructed that District Courts should apply a liberal standard when granting leave to amend.  <u>Dole v. Arco Chem. Co.</u>, 921 F.2d 484 (3d Cir. 1990).  This standard, however, does not allow plaintiffs to file additional or amended pleadings without restriction.

---

[5] For the Court's convenience, Defendants reiterate the legal standard and arguments regarding undue delay and prejudice previously set forth in the Motion in Opposition of April 1, 2022 (ECF No. 59).

A District Court "may deny leave based on certain factors, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by allowance of the amendment, futility of amendment, etc.'" Smithkline Beecham Corp. v. Geneva Pharmaceuticals, Inc., 287 F.Supp. 576, 581 (E.D.Pa. 2002); quoting Foman v. Davis, 371 U.S. 178, 182 (1962).  The right to file an Amended Complaint "is not automatic." Koken v. GPC Intern, Inc., 443 F.Supp.2d 631, 633 (D.Del. 2006). "While Rule 15(a) provides that leave to amend should be 'freely given,' a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Koken, 443 F.Supp.2d at 633-34 (D.Del. 2006); (quoting Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005)).

The Third Circuit stated that, among the Foman factors, "prejudice to the non-moving party is the touchstone for the denial of an amendment." Air Products and Chemicals, Inc. v. Eaton Metal Products Co., 256 F.Supp.2d 329, 332 (E.D.Pa. 2003); (quoting Heyl & Patterson Int'l Inc. v. F.D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981)).  Plaintiff last filed an Amended Complaint on February 5, 2020.  The discovery deadlines, upon Plaintiff's request, have been extended multiple times.  Plaintiff now seeks leave to file a Second Amended Complaint over two years after filing his First Amended Complaint and does so by copying the claims made in his First Amendment Litigation and

transferring all named Defendants from that litigation to this. Moreover, Plaintiff

offers no explanation why he failed to discover the information until March 2022

despite receiving extensive discoverable documents in the summer of 2021, why he

failed to make the claims related to his discipline of January through March of

2020, or how the granting of this Motion will not prejudice the current parties to

this case beyond mere conclusory statements.  For the reasons further described

below, Defendants ask this Court to deny Plaintiff's Motion.


### B. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THE LENGTH OF TIME SINCE HIS LAST AMENDED COMPLAINT AMOUNTS TO AN UNDUE DELAY AND WOULD UNFAIRLY PREJUDICE DEFENDANTS.

One of the specific reasons a Court may deny a plaintiff's Motion for Leave to

Amend is undue delay.  Hill, 411 F.3d at 134.  See, e.g., Mallory v. S&S Publishers,

169 F.Supp. 760, 778 (E.D.Pa. 2016) (Slomsky, J.); (quoting Foster v. Pitney Bowes

Corp., 2013 WL 1500667, at *3 (E.D.Pa. Apr. 12, 2013)); (citing Am. Tel. & Tel. Co.

v. Marstan Indus., Inc. v. N. Telecom, Inc., 1994 WL 276269, at *1 (E.D.Pa. June 21,

1994)). ("A 'court may refuse a motion for leave to amend only in limited

circumstances, such as when the amendment would cause undue delay; is offered in

bad faith or with dilatory motive; or if the amendment is futile'").

While the Third Circuit held that "delay alone is an insufficient ground to

deny leave to amend", there comes a point where the delay "will become 'undue,'

placing an unwarranted burden on the court or will become 'prejudicial,' placing an

unfair burden on the opposing party." USX Corp. v. Barnhart, 395 F.3d 161, 167 (3d Cir. 2004); (quoting Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001)); see also Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984).  To "become a legal ground for denying a motion to amend, [delay] must result in prejudice to the party opposing the motion." Air Products and Chemicals, Inc., 256 F.Supp. at 332; (quoting Kiser v. General Elec. Corp., 831 F.2d 423 (3d Cir. 1987)).  A Plaintiff's motion to amend a complaint following extensive discovery has "been considered untimely and unduly prejudicial." Berger v. Edgewater Steel Co., 911 F.2d 911 (3d Cir. 1990).

In Cureton, the Third Circuit examined whether a District Court had abused its discretion in denying leave to amend where the Motion was filed approximately three years after the initial Complaint.  252 F.3d at 274.  The Third Circuit held that the denial was not an abuse of discretion where "the facts underlying the [Motion for Leave to Amend] were known almost two-and-one-half years before plaintiffs sought leave to amend, [and] judicial efficiency would be damaged…" USX Corp., 395 F.3d at 168-69; (citing Cureton, 252 F.3d at 274).

In another case examined by the USX Corp. Court, it was determined that:

despite no finding of prejudice to defendants, leave to amend was properly denied where it was requested three years after the action was filed and nearly two years after the complaint was amended for the second time, all of the facts were available to plaintiff before she amended her complaint (and most were known before she filed her original complaint), and she had numerous opportunities to correct any deficiencies.

Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).

Much like the <u>Lorenz</u> case, Plaintiff here seeks to amend his Complaint two years after his First Amended Complaint was filed on February 5, 2020.  At or about the time he filed, Plaintiff was on medical leave from the Philadelphia Police Department and subsequently retired on March 12, 2021.  Any facts regarding his underlying claims were known to him at the time of, at the very least, the filing of his Amended Complaint if not at the time he filed his original Complaint. Moreover, Plaintiff identifies no reasons whatsoever in his Motion or Proposed Complaint to support his apparent belief that certain facts were only discovered in March 2022.  Unlike <u>Lorenz</u>, however, allowing Plaintiff leave to file a Second Amended Complaint in this case would greatly prejudice the Defendants as discovery was already extended twice, the new deadline having expired on April 28, 2022, and Plaintiff has either cancelled or refused to follow the Court's instructions in any of the depositions as ordered by this Court.

Plaintiff's attempt to amend his Complaint for the second time two years after filing the First Amended Complaint (and two and a half years after filing his original Complaint), coupled with Plaintiff's continued refusal to fully participate in the deposition schedule as this Court ordered has already occasioned undue delay. Plaintiff, in his Motion for Leave, offers no reason for his years-long delay in requesting leave to file an Amended Complaint beyond discovery of "information". The parties in this matter have engaged in extensive discovery and this Court has held several in-person hearings to oversee and rule on Plaintiff's various requests, subpoenas, and motions for depositions and discovery.  Indeed, many of Plaintiff's

12

allegations in the Proposed Complaint are merely related to discovery disputes. Allowing Plaintiff an opportunity to file a Second Amended Complaint would only serve to harass not only Defendants, but the high-ranking members of the Philadelphia Police Department who have been the targets of Plaintiff's cancelled or aborted depositions and irrelevant, overbroad, and overly burdensome discovery requests.

Defendants, therefore, request this Court deny Plaintiff's Motion for Leave to Amend on the grounds that if there is any valid reason for Plaintiff's failure to file a Second Amended Complaint sooner, a contention for which Plaintiff had provided no actual allegations or evidence, there is an undue delay which prejudices not only Defendants but this Court under the standard set by the Third Circuit.  Further, allowing Plaintiff an opportunity to file a Second Amended Complaint would specifically prejudice the Defendants as it places an unfair burden on them to essentially restart the discovery clock, set a new deposition schedule, and postpone the resolution of this matter by many months if not years.

      C.  **PLAINTIFF'S MOTION SHOULD BE DENIED AS FUTILE AS IT FAILS TO ADVANCE ANY NEW FACTS THAT PLAINTIFF COULD NOT HAVE KNOWN PRIOR TO THE FILING OF THE FIRST AMENDED COMPLAINT.**

Beyond undue delay and prejudice to a defendant, a Court may properly deny a Motion for Leave to File an Amended Complaint when the allegations or averments contained in that Complaint would add nothing to Plaintiff's claims. Foman, 371 U.S. at 182.  "Futility is analyzed under the same standard of legal

sufficiency as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Smithkline Beecham Corp., 287 F.Supp at 581; (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir. 1997)); see also Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983) ("The trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss"). Therefore, leave to amend should not be granted where the proposed Complaint fails "to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6); see also In re Burlington Coat Factory Litig., 114 F.3d at 1434 (noting that "futility of amendment occurs when the complaint, as amended, does not state a claim on which relief can be granted").

Under the standards required to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

Regarding the type of motion in question, if the requested amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Koken, 443 F.Supp.2d at 634; quoting Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990). Plaintiff must, at a minimum, demonstrate that the "newly asserted claim appear[s] to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." Air Products and Chemicals, Inc., 256 F.Supp.2d at 333; quoting Cooper v. Ficarra, 1997 WL 587339, a *3 (E.D.Pa. Sept. 12, 1997).

1. <u>COUNT I ONLY CONTAINS FACTS THAT WERE KNOWN TO PLAINTIFF PRIOR TO THE FILING OF HIS AMENDED COMPLAINT IN 2020, OR THOSE THAT ARE UNRELATED TO THE CURRENT MATTER.</u>

Here, the limited averments regarding Plaintiff's Count I FLSA claim are almost identical to those alleged in his First Amended Complaint. In fact, Plaintiff only mentions the FLSA claims twice prior to Count I's claim for relief under the FLSA. See Ex. C, ¶¶31, 62 (alleging that Defendant Wilson "never mentioned the FLSA complaint during a meeting on Nov. 26, 2019"). The averments contained within Count I do not allege any action on the part of Defendants after August 2019, thus the latest action on the part of Defendant as alleged by Plaintiff could only have occurred at the time he went on voluntarily sick leave in the late winter of 2020. Id. Count I.  Plaintiff has reorganized his First Amended Complaint to move his FLSA factual averments from the opening section to within his Count I, but this cannot form a basis for leave to file an amended complaint two years later.

Plaintiff alleges that Jason Hendershot is now part of the FLSA violation conspiracy, but fails to identify why, though he alleges having been in contact with Hendershot over the months and years since August 2019, he was unable to discover or determine these facts before April 2022. His remaining averments in Count I reflect ongoing discovery demands, which cannot form a basis for an Amended Complaint. The sole new fact that Plaintiff adds is a statement by the Police Commissioner at a March 9, 2022, press conference where she allegedly said that the Officer Involved Shooting Unit responds quickly to all Officer involved shootings. It is obvious that, while this may arguably be evidence used in support of Plaintiff's claims (a contention Defendants deny), it alone cannot support a Motion for Leave to Amend.

Count II, to the extent that it repeats a claim for FLSA retaliation, generally alleges facts known to Plaintiff prior to the filing of his Amended Complaint. Plaintiff, as admitted in various discovery motions and in his Proposed Complaint, understood he was disciplined for participating in a podcast in January 2020.[6] Moreover, Plaintiff intentionally avoided facing the PPD's disciplinary procedures by choosing to use his sick leave from approximately February 2020 through his retirement on March 12, 2020. As Plaintiff has provided what amounts to alleged evidence and argument for trial, he should not be permitted to amend his Complaint a second time, two years after he claims Defendants violated the FLSA overtime payment provisions. Counts I and II were already made in both the

---

[6] As Plaintiff's Count II now appears to allege FLSA retaliation, hostile work environment, and a First Amendment retaliation, it is discussed in additional detail, *infra*.

original and Amended Complaint and Plaintiff is confusing potential evidence or legal argument with the need for a new pleading. Moreover, given Plaintiff's numerous cancelations of depositions and failure to obtain discovery he alleges exists without any supporting evidence, his clear intent is to force new and onerous discovery, including depositions of all added Defendants. Again, this is not a legitimate basis for a Motion for Leave to Amend as the interests of justice do not require a Court to allow Plaintiff to harass and explore dozens of possible avenues through pleadings which are more properly reserved for the discovery process.

### D.  PLAINTIFF'S PROPOSED COMPLAINT FAILS TO FOLLOW THE RULES OF CIVIL PROCEDURE.

The Federal Rules of Civil Procedure provide certain requirements for a Complaint, including that it is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The Third Circuit has held that, while deference should be given to *pro se* plaintiffs, they may not provide so-called "shotgun pleadings" as such complaints unfairly prejudice defendants in their ability to litigate a matter. See, e.g., Bartol v. Barrowclough, 251 F.Supp.3d 855 (E.D.Pa. 2017). Shotgun pleadings come in four types, including those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." M.B. v. Schuylkill County, 375 F.Supp.574, 586-87 (E.D.Pa. 2019).  The "unifying characteristic" of these types of pleadings "is that they fail to one degree or another, and in one way or another, to give the defendants

adequate notice of the claims against them and the grounds upon which each claim rests." <u>Bartol</u>, 251 F.Supp.3d at 859.

"A complaint fails to satisfy Rule 8 if it offers only 'labels and conclusions' without 'further factual enhancement.' <u>Chase Home Finance, LLC v. Scarborough</u>, 2012 WL 5355761 (E.D.Pa. Oct. 26, 2012) (Slomsky, J.) (<u>quoting</u> <u>Iqbal</u>, 556 U.S. at 677-78); <u>see</u> <u>also</u> <u>Mitchell v. Quinn</u>, 2017 WL 6001494 (E.D.Pa. Dec. 1, 2017) (Slomsky, J.) (noting that "a district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if 'the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.') (quoting <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995).

Plaintiff here provides dozens of additional averments related to individuals who are not named defendants, nor alleged to have taken part whatsoever in the alleged violations of Plaintiff's rights under Federal law, the United States Constitution or the FLSA. It is almost impossible for Defendants to determine the actual claims against the multitude of individuals added as Defendants in this matter, whereas the prior Amended Complaint merely named two individual defendants.

Additionally, Plaintiff steers his Proposed Complaint into areas of extreme animosity where he declares, without support, that a named Defendant stated "in Jacobs' opinion, it is INAPPROPRIATE AND DISRUPTIVE FOR A N***ER LIKE JACOBS TO SPEAK. Now we will hang your N**ger ass and send your family back to the 'field' where they belong." Ex. C, ¶304 (emphasis in the original, racial slurs

omitted). What is meant by this and similar averments in which Plaintiff refers to himself in a racial epithet is unknown and completely fails to provide any basis for the City of Philadelphia parties to contemplate a proper defense. The Proposed Complaint contains dozens of averments which have no relationship to any of the listed claims, while several of the claims themselves fail to articulate causes of action available in the Eastern District Court. As such, the Proposed Complaint violates the "shotgun-pleadings" standard and thus the Motion to Amend should be denied.

### E.   TO THE EXTENT THAT PLAINTIFF'S COMPLAINT ASSERTS A HOSTILE WORK ENVIRONMENT AND RACIAL DISCRIMINATION, THE PROPOSED COMPLAINT IS FUTILE FOR FAILURE TO EXAHUST ADMINISTRATIVE REMEDIES.

In a case alleging a hostile work environment, prior to filing a civil action, a plaintiff must first exhaust his or her claim by filing a charge of discrimination with the EEOC. See Noel v. The Boeing Co., 622 F.3d 266, 270 (3d Cir.2010); Mandel v. M & Q Packaging Corp., 706 F.3d 157, 165 (3rd Cir. 2013).  The EEOC may then issue a right-to-sue notice, but "a complainant may not bring a Title VII suit without having first received a right-to-sue letter." Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001); citing Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999).  Title VII requires that the plaintiff file a charge of harassment and/or discrimination within 180 days of the alleged unlawful action.  42 U.S.C. § 2000e-5(e)(1); Burgh, 251 F.3d at 469-70.

In Pennsylvania, a dual-filed complaint must be filed with the EEOC within 300 days of an unlawful employment action to be timely. Id.  Therefore, as a general rule, events that occurred more than 300 days prior to the filing of an EEOC Charge are time-barred. Mikula v. Allegheny Cnty. of Pa., 583 F.3d 181, 183 (3d Cir. 2009). Discrete acts, defined by the Supreme Court as including "termination, failure to promote, denial of transfer, or refusal to hire" must occur within the 300-day window to allow Plaintiff a chance at recovery, assuming they have exhausted their administrative remedies.  Mandel, 706 F.3d at 165; quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002).  While the Third Circuit recognizes exceptions to the time-barring for continuing violations, this only applies where "all acts which constitute the claim are part of the same unlawful employment practice and that at least one act falls within the applicable limitations period."  Mandel, 706 F.3d at 165-66; citing Nat'l R.R. Passenger Corp., 536 U.S. at 122.

It is well-established that a claim of retaliation in violation of Title VII cannot be the basis for an action under 42 U.S.C. § 1983.  See, e.g., Marion v. City of Philadelphia Water Department,  2001 WL 313691, * 6 n.2 (E.D. Pa. March 28, 2001) ("[P]laintiff's claims for retaliation . . . rest on Title VII [and] may not proceed under § 1983."); Bair v. City of Atlantic City, 100 F. Supp. 2d 262, 267 n.3 (D.N.J. 2000) ("[A] claim for retaliation, which was created by Title VII and is not recognized under constitutional principles, may not be pursued through Section 1983."); Price v. Delaware Department of Correction, 40 F. Supp. 2d 544, 558 (D. Del. 1999) ("A claim of retaliation cannot be the sole basis for a § 1983 claim where

there is no violation of the Constitution or federal law, other than the retaliation provision of Title VII.").

Plaintiff generally alleges throughout his Proposed Complaint that he was subject to racial discrimination and attempts to add this claim as a First Amendment "retaliation based on race." Ex. C, Count III. However, he makes no connection between the First Amendment retaliation he claims he was subject to that is different than a standard hostile work environment claim under Title VII. Plaintiff's claim relies on the idea that privileged communication between a client and an attorney within the Law Department of the City of Philadelphia, in a case which is completely and wholly unrelated to Plaintiff, can form the basis for a cause of action in his Proposed Complaint. The retaliation Plaintiff alleges in Count III is identical to that alleged in his First Amendment litigation and is precluded from being raised separately or again in this court. See Section F, *infra*. To the extent that Plaintiff is attempting to raise a hostile work environment claim under Count II's FLSA retaliation claim (to which no legal support exists and to which Plaintiff also includes a First Amendment retaliation claim), Plaintiff is precluded from making this claim as he has completely failed to exhaust his administrative remedies.

## F.  PLAINTIFF'S COUNTS II, III, IV AND V CANNOT SUPPORT A MOTION FOR LEAVE TO AMEND AS THEY ARE FUTILE UNDER THEORIES OF RES JUDICATA AND COLLATERAL ESTOPPEL AND THE THIRD CIRCUIT'S <u>WALTON</u> STANDARD.

Generally, where a Complaint alleges facts and causes of action that were previously litigated or could have been litigated in another forum, they are barred by the theories of res judicata, or claim preclusion, and collateral estoppel, or issue preclusion. <u>See</u>, <u>generally</u>, <u>McKenna v. City of Philadelphia</u>, 304 Fed.Appx. 89 (3d Cir. 2008); <u>Gregory v. Chehi</u>, 843 F.2d 111 (3d Cir. 1988). Claim preclusion prevents a plaintiff from "prevailing on issues he might have but did not assert in the first action." <u>Gregory</u>, 843 F.2d at 116.  In issue preclusion, "the earlier judgment forecloses only a matter actually litigated and essential to the decision. <u>Id.</u> (quoting <u>Riverside Memorial Mausoleum, Inc. v. UMET Trust</u>, 581 F.2d 62 (3d Cir. 1978). Through "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," the preclusion doctrines prevent defendants from "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." <u>Montana v. United States</u>, 440 U.S. 147, 153–154 (1979).

The concepts of res judicata and collateral estoppel, while separate, are related concepts of preclusion. <u>Gregory</u>, 843 F.2d at 115. Collateral estoppel is a more limited concept in that it only prevents a plaintiff from relitigating "an issue identical to that adjudicated in the prior action." <u>Id.</u> It "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different

claim." <u>National Medical Imaging, LLC v. U.S. Bank, N.A.</u>, 586 B.R. 815, 820

(E.D.Pa. 2018); (<u>quoting</u> <u>Taylor v. Sturgell</u>, 553 U.S. 880, 892 (2008)). Claim

preclusion or res judicata provides that a final judgment prevents "successive

litigation of the very same claim, whether or not relitigation of the claim raises the

same issues as the earlier suit." <u>New Hampshire v. Maine</u>, 532 U.S. 742, 748,

(2001).

Plaintiff had every opportunity to litigate issues regarding First Amendment

retaliation, conspiracy by the City, DAO and PPD, hostile work environment and

the Pennsylvania whistleblower statute. Plaintiff's First Amendment Litigation is

currently on appeal to the Third Circuit and, should this Court rule that Judge

Bartle's Order dismissing all actions and declining to hear the Pennsylvania

whistleblower statute claim was not a final judgment under a theory of collateral

estoppel or claim preclusion, Plaintiff still cannot succeed on his Motion for Leave to

Amend. Plaintiff filed an initial Complaint in the First Amendment Litigation and

subsequently filed three Amended Complaints until the Court ultimately ordered

him to cease any filing any additional pleadings. These Complaints were filed

between October 4, 2019, and February 25, 2021, just before Plaintiff retired from

the PPD after taking almost of year of voluntary leave to avoid the charges for his

disciplinary violations. In his initial Complaint, Plaintiff alleged discrimination, but

failed to develop that subsequently in any additional Complaint.

Plaintiff knew or should have known all operative facts that bear any

relationship to the alleged retaliatory conduct, his disciplinary issues with the PPD,

and his interactions with superior officers whom he now attempts to pull into this matter from the First Amendment Litigation. Plaintiff had multiple "full and fair opportunities" to litigate the issues contained in his Fourth Amended Complaint (from the First Amendment Litigation) and should be precluded from raising those issues again by simply attempting to move them to a different Court within the Eastern District. His attempt to now assert claims such as racial discrimination against himself by identifying ongoing litigation involving other individuals and pointing to their race as an alleged factor is not supported by any evidence and does not excuse the fact that he failed to develop the discrimination claim he initially brought in the First Amendment Action's initial Complaint on October 4, 2019.

Moreover, a Plaintiff cannot "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Walton v. Eaton Corp., 563 F.3d 66, 70 (3d Cir. 1977). The Walton standard requires a Third Circuit Court to ensure that "plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would otherwise have enjoyed." Id. at 71. Further, the Walton Court held, a Third Circuit Court must "insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints."  McKenna, 304 Fed.Appx. at 91; (quoting Walton, 563 F.3d at 71.

In McKenna, a Plaintiff sued the City of Philadelphia and additional defendants under theories of wrongful termination and retaliation under 42 U.S.C.

§§1981 and 1983. 304 Fed.Appx. at 90 ("McKenna I"). The District Court granted defendant's Motion for Summary Judgement and plaintiff appealed to the Third Circuit. Id. at 90-91. While the case was pending on appeal, the *pro se* plaintiff filed a complaint in the Eastern District alleging racial discrimination ("McKenna II") which included facts at issue in the case which was on appeal. Id. at 91. His new complaint included claims for Title VII retaliation, retaliation under §1983, and denial of his Constitutional rights. Id.

After McKenna I was remanded by the Third Circuit, the plaintiffs in that case attempted to add claims which the *pro se* plaintiff had asserted in the McKenna II complaint which was proceeding under a separate Judge in the Eastern District. Id. The District Court refused to allow plaintiff to amend his complaint, holding that he would have to demonstrate the additional claims would not prejudice defendant, as they could have been raised at any earlier stage in the litigation. McKenna, 304 Fed.Appx. at 91. The District Court subsequently dismissed McKenna II based on an analysis of Walton, and plaintiff appealed to the Third Circuit. Id.

The Third Circuit held that Walton applies where two actions: 1) take place in the same court; (2) with the same defendants; (3) involving the same subject matter. Id. at 92. Regarding the differences between the two actions, the Third Circuit held that they need not be completely identical to fall under Walton, which proscribes 'substantially identical complaints.'" Id. at 93, (quoting Walton, 563 F.2d at 71). Had McKenna II been stayed by the District Court or dismissed without

prejudice, the Third Circuit wrote, plaintiff could have proceeded following the final disposition of McKenna I. 304 Fed.Appx. at 93. Any attempt by McKenna to litigate the claims from the alternate case would have been prevented by the doctrine of res judicata. Id. (citing Mullarkey v. Tamboer, 536 F.3d 215, 225 (3d Cir. 2008)). Therefore, the Third Circuit upheld the decision of the District Court: that plaintiff was precluded from continuing to litigate a duplicative matter and his claim of wrongful termination was barred by res judicata. 304 Fed.Appx. at 94.

The present matter is analogous to McKenna in that Plaintiff here seeks to circumvent the judicial process currently ongoing in the First Amendment Litigation. Plaintiff, in his Fourth Amended Complaint, sought recovery under theories of First Amendment retaliation, the Pennsylvania whistleblower statute, violations of due process under the Fourteenth Amendment and conspiracy. See Ex. B. Judge Bartle, as described *supra*, issued an Order dismissing all counts of the Fourth Amended Complaint in the First Amendment Litigation save those under the Pennsylvania whistleblower statute, which he directed Plaintiff to file in the state court. See Op. and Ord. of the Court, June 16, 2021 (2:19-cv-04616, ECF No. 35).

Even if this Court finds that the McKenna standard does not apply, Plaintiff still cannot add the claims to the Proposed Complaint that he takes from the First Amendment Litigation. A comparison of the Fourth Amended Complaint and the Proposed Complaint shows that, beyond the FLSA claims (which are essentially identical in all operative facts to those filed in the Feb. 5, 2020, Amended

Complaint), he is asserting essentially all the same issues. His Proposed Complaint alleges that he was retaliated against by the District Attorney, the Police Commissioner, and members of the DAO and the PPD for leaking Grand Jury testimony. Further, he claims that he was retaliated against by a conspiracy involving the DAO and PPD through attempted discipline for the leaking of the testimony and subsequently for divulging internal PPD tactics and confidential information in a January 2020 podcast. The similarities between the Fourth Amended Complaint and Proposed Complaint are not a coincidence: many of the paragraphs and sections are completely identical and allege the exact same set of operative facts.

Instead of following the instructions of Judge Bartle or continuing to litigate his appeal with the Third Circuit, Plaintiff is attempting to circumvent the judicial process through his Proposed Complaint. Walton, McKenna, and their progeny were designed to protect defendants from just this sort of excessive and duplicative action. The intent of the Third Circuit was to safeguard defendants by preventing concurrent litigation on the same set of operative facts and issues in the same Court at the same time. Plaintiff, despite his failure to succeed past a Motion to Dismiss in the First Amendment Litigation, apparently believes he can fool this Court into believing that by adding a few paragraphs or changing phrases he has created wholly new causes of action.

.

III.     **CONCLUSION**

Defendants City of Philadelphia, Christine Coulter, and Dennis Wilson respectfully request that this Honorable Court deny this motion.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: May 12, 2022                    BY:     s/ Michael J. Sheehan
                                              Michael J. Sheehan
                                              Assistant City Solicitor
                                              Pa. Attorney ID No. 321440
                                              City of Philadelphia Law Dept.
                                              1515 Arch St., 16th Fl.
                                              Philadelphia, PA 19102
                                              (215) 683-5362
                                              michael.sheehan@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK JACOBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-4615 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Supplemental Response in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint and Memorandum of Law has been filed electronically and is available for viewing and downloading.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: May 12, 2022          BY:   s/ Michael J. Sheehan
                                  Michael J. Sheehan
                                  Assistant City Solicitor