IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DERRICK JACOBS**             **CIVIL COMPLAINT NUMBER: 19-CV-4615**

V.

**CITY OF PHILADELPHIA, et al.**

## PLAINTIFF'S MOTION FOR SEVERE SANCTIONS AFTER SECOND VIOLATION OF THE COURT'S ORDER AND DISSEMINATION OF SEALED DEPOSITIONS

1. On October 4, 2019, Plaintiff, Derrick Jacobs filed this complaint alleging Fair Labor Standards Act ("FLSA") violations by the defendants. During the initial filing, the plaintiff alleged the defendants failed to pay the Plaintiff for hours worked while in "on call" status. The Plaintiff further alleged defendants retaliated against the Plaintiff. The Plaintiff requested discovery listed on the "original" complaint in support/defense of his claims. On June 7, 2022, the Honorable Joel H. Slomsky held a conference between the parties in an effort to settle multiple disputes.

2. Three particular documents the Plaintiff alleged in his "original" complaint was an "on call" staffing proposal for the Officer Involved Shooting Investigation ("OISI") unit prepared on December 3, 2018, the reduction of "on call" Detectives in the OISI unit reduced from six to two, and the Change in Investigative Responsibilities for OISI Detectives.

3. On August 23, 2021 the defendants made their initial disclosures. The above listed documents were intentionally not provided by defendants in support/defense of Plaintiff's claims. Upon further review of the initial disclosures, the Plaintiff learned the defendants had cherry-picked their disclosures and left several discoverable items out intentionally.

1

4. After plaintiff viewed the cherry-picked disclosures, several attempts were made to obtain the discovery from the defendants prior to the fact discovery deadline.

5. November 22, 2021 was the deadline for fact discovery. The original trial date was scheduled for May 9, 2022 (ECF No. 23).

6. On November 24, 2021, the defendants deposed the Plaintiff. After deposition, the Plaintiff complained to defendants about their failure to produce required discovery. The defendants informed Plaintiff of their failure to comprehend the request (impossible) and would locate the discoverable items and provide to Plaintiff.

7. On November 24, 2021, Christopher Rider (City Solicitor) contacted Lieutenant Jason Hendershot and asked Hendershot to "fax" discoverable items to avoid detection in an email.

8. On December 7, 2021, a settlement conference was held with the Hon. Carol Sandra-Moore Wells. After the conference, the defendants provided false statements regarding discovery. When the Plaintiff pointed out the defendants' lies Mr. Rider responded, he's not trying to "sandbag" the Plaintiff.

9. On December 7, 2021, the Plaintiff offered the defendants an olive branch and asked the Court to extend the discovery deadline from November 22, 2021 to January 31, 2022. The extension was requested due to defendants' **multiple infractions** of the FRCP (ECF No. 26).

10. On December 17, 2021, the Plaintiff filed Motion to Compel defendants to produce discovery (ECF No. 29).

11. On December 21, 2021, the plaintiff filed for a Default Judgment against the defendants.

12. On January 11, 2022, the Court held a Motions hearing inside Courtroom 13A.

13. On January 12, 2022, the Court DENIED Plaintiff's Motion for Default Judgment.

14. On January 12, 2022, the Court DENIED Plaintiff's Motion to Compel without prejudice after discussions during the conference held on January 11, 2022 (ECF No. 37).

15. On January 12, 2022, the Court issued a **SECOND** scheduling order, with all fact discovery completed by February 28, 2022. The Court rescheduled the trial date to August 29, 2022, (ECF No. 38).

16. On January 13, 2022, the Plaintiff issued defendants Deposition Subpoenas.

17. On January 26, 2022, defendants' filed Motion to Quash subpoena of Danielle Outlaw (ECF No. 39).

18. On January 28, 2022, Plaintiff responded to defendants' Motion to Quash (ECF No. 40).

19. On February 17, 2022, the Court scheduled a conference for February 28, 2022.

20. On March 1, 2022, the Court issued the **THIRD** scheduling order, with all fact discovery completed by April 28, 2022, and a new trial date of October 31, 2022 (ECF No. 48).

21. On March 1, 5, and 6, 2022, the plaintiff issued document subpoenas to the defendants.

22. On March 16, 2022, the defendants filed Motion to Quash subpoenas. In their Motion to Quash, defendants' list specifically the **"on call"** email (in the defendants' possession, custody, and control) and the December 2018 OISI "Staffing Proposal" requested by plaintiff (in the defendants' possession, custody, and control). These are two discoverable items specifically requested by plaintiff in support/defense of his claims **intentionally** not provided by defendants.

23. On March 22, 2022, Plaintiff responded to the defendants' Motion to Quash document subpoenas (ECF No. 55).

24. On April 18, 2022, Plaintiff filed a Motion for Reconsideration of the subpoena directed at Philadelphia Police Commissioner, Danielle Outlaw (ECF No. 61).

25. **On May 3, 2022, DEFENDANTS filed a Motion for a Protective Order prohibiting the parties from "disseminating" the deposition testimony to any non/third party (ECF No. 66).**

26. On May 26, 2022, the Court scheduled a conference on June 7, 2022 to discuss outstanding Motions between parties (ECF No. 74).

27. On June 10, 2022, the Court issued a **FOURTH** scheduling order, with fact discovery by August 8, 2022, the new trial date, after the THIRD amended scheduling order is now **January 23, 2023** (ECF No. 83).

28. **On June 10, 2022, the Court ORDERED the defendants to submit a letter of record BY JUNE 14, 2022 stating whether they possess documents that are responsive to the documents requested to be produced in the subpoenas. The pertinent time periods are from the date Plaintiff began his employment in the Officer Involved Shooting Unit to the date he left the unit (ECF No. 77) (*EXHIBIT 1*).**

29. **On June 10, 2022, the Court DENIED Plaintiff's request for Reconsideration of the subpoena directed at Philadelphia Police Commissioner, Danielle Outlaw (ECF No. 79).**

30. **On June 10, 2022, the Court GRANTED the DEFENDANTS' Motion for a Protection Order regarding the deposition testimony of Dennis Wilson and Christine Coulter (ECF No. 82).**

31. The Court was clear after the defendants "new claim" of violating the FRCP is "privilege."

32. The Court actually identified discoverable items in their ruling (ECF No. 16) that have not been turned over by the defendants.

33. The Defendants have lied and provided the Court with a myriad of excuses to explain their intentional failures to adhere to the FRCP.

34. As a result, the discovery extensions did nothing to change the Defendants total disdain for the Court and the Court's Orders.

35. The Defendants have not provided one document in support of their claims and/or defenses. The Defendants have intentionally withheld documents in support and/or defense of the Plaintiff's claims.

36. This is not the first, second, or third time the Defendants have violated the Court's Orders and/or the FRCP. The Defendants continually violate the FRCP, sanctions are warranted.

37. The Plaintiff has exercised extreme patience, knowing the Defendants are intentionally violating the FRCP to destroy Plaintiff.

38. The Plaintiff request immediate injunctive relief to include all back wages and benefits. This will be the only action that will deter and eliminate future violations.

39. The Plaintiff also request reasonable expenses from March 13, 2021 through present due to defendants' repeated violations. Harsher penalties are well deserved at this point.

40. The proper, fair, and just injunctive relief and application of sanctions would also, in Plaintiff's opinion, facilitate a proper adjudication.

## ARGUMENT VIOLATION ONE

41. Plaintiff incorporates preceding paragraphs fully herein.

42. Rule 26(a) Required Disclosures…, state parties without awaiting discovery request MUST provide discovery. The Defendants have repeatedly violated Rule 26.

43. Rule 26 and 45 of the FRCP states the following: Claiming Privilege or Protecting Trial-Preparation Materials. (A) …When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

    (i) expressly make the claim; and

    (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself is privileged or protected, will enable other parties to assess the claim.

44. As previously stated, this is the fourth scheduling order due to the defendants' repeated violations of the FRCP. When pressed in reference to their repeated violations during the last conference (June 7, 2022) the defendants stated the reason they were not providing discoverable items and violating the FRCP were because of privilege (this is the first time the defendants have made this claim, after the FOURTH scheduling order and three conferences with the Court). The Court, realizing the defendants blatant violations of the FRCP, exercised extreme restraint and leniency and ORDERED the Defendants to provide a letter of record stating the reasons for their blatant violations by **June 14, 2022**. Once again, the latest fact discovery deadline (August 8, 2022) has passed and once again the defendants' have intentionally not provided discoverable items and have not ADHERED to the Court's order.

45. There are simple reasons for the defendants' intentional and blatant violations of the FRCP. One: The defendants have unlimited resources. Two: The defendants know the

Plaintiff has limited resources and the longer this matter gets stretched out, the chances increase of the Plaintiff being crushed and destroyed increase exponentially. Three: The defendants have not suffered any consequences for their repeated violations.

46. The Plaintiff has been forced to liquidate assets. The Plaintiff's credit rating has suffered and without injunctive relief the Plaintiff will lose additional assets.

47. The Plaintiff has attempted to mitigate the defendants' damages, save the Court's resources, and save assets.

48. The Plaintiff has spent over thirty years acquiring said assets.

49. Without sanctions and an emergency injunctive relief being issued the defendants actions will continue. With sanctions and an emergency injunctive relief being issued, the defendants' actions will cease and this matter will be resolved without additional litigation.

50. Both defendants were asked during depositions why was Detective Jacobs disciplined. Both defendants could not provide an answer as to why Detective Jacobs was disciplined.

51. Injunctive relief is an extraordinary pre-trial remedy that should only be granted in limited circumstances. Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). In order to receive injunctive relief, the plaintiff must show that (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest. See, e.g., P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005).

52. The Plaintiff has clearly demonstrated the circumstances needed for injunctive relief. Plaintiff is likely to succeed on the merits. The Plaintiff has already suffered irreparable

harm. Granting relief will not harm defendants in any manner. Granting relief is in the public's interest.

53. The Defendants intentionally withheld discoverable documents in their possession, custody, and control in support of the Plaintiff's claims. The defendants refused to provide the documents, violating the FRCP.

54. The defendants continue to withhold documents in their possession, custody, and control in support of the Plaintiff's claims.

55. The defendants have not provided documents since being given multiple extensions by the Court.

56. The defendants have violated Rule 26, 33, 34, and 45 of the FRCP.

57. The defendants have violated the Court's Order.

58. Sanctions are not only warranted but mandatory to stop the retaliation against the Plaintiff.

59. Rule 37(b)(2)(A) If a party or a party's officer, director, or managing agent or a witness designated under Rule 30(b)(6) or 31(a)(4) fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.

60. Rule 37(b)(2)(C) states instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure (See reasonable expense sanction schedule attached as Exhibit 7).

61. The defendants cannot provide a valid justification for not adhering to the ORDER of the Court (ECF No. 77) and/or providing the discoverable items.

62. The defendants' actions are and have been intentional.

63. The plaintiff has been severely harmed and has suffered irreparable damage as a result of the defendants' blatant actions.

64. The most severe sanctions are warranted in this matter.

65. The Plaintiff opposes any future delays and/or extensions.

66. The defendants, while violating the Court's ORDER found time to harass and annoy Plaintiff by lying to the Court and filing a frivolous/fabricated Motion on July 13, 2022 (ECF No. 84) requesting sanctions against plaintiff.

67. Upon information and belief, the defendants have continually and intentionally withheld discoverable items in support and/or defense of the plaintiff's claims because the documents/items shows a consistent and persistent pattern of an ongoing conspiracy to retaliate against the Plaintiff for his filings of federal civil rights lawsuits.

68. The Plaintiff request immediate injunctive relief and payment of reasonable expenses exhibited in the attached schedule (Exhibit 7).

69. The discoverable items/documents ORDERED by the Court on June 10, 2022 are attached (Exhibits 2 through 6).

70. Rule 45(g) of the FRCP states the Court... may hold in contempt a person who, having being served fails, without adequate excuse to obey the subpoena or an ORDER relating to it.

## ARGUMENT VIOLATION TWO

71. Plaintiff incorporates preceding paragraphs fully herein.

72. On June 10, 2022, the Court issued an ORDER after the DEFENDANTS' request for a Protective Order enjoining the parties against the dissemination of the deposition testimony of defendants Dennis Wilson and Christine Coulter (ECF Nos. 82 and 66).

73. After receiving information counsel for the defendants presented misrepresented facts to the Court, the Plaintiff filed a motion to remove the Protective Order.

74. On September 1, 2022, Plaintiff filed a Motion to Unseal the Deposition Testimony of Defendant Christine Coulter and Defendant Dennis Wilson. The motion was filed due to the defendants' effort (counsel) to cover up public corruption (ECF No. 87).

75. **Upon information and belief, due to the information contained in the Plaintiff's filings Counsel for the defendants disseminated the deposition testimony of defendant Christine Coulter to non-parties (Mayor James Kenney (Kenney), District Attorney Lawrence Krasner (Krasner), and Philadelphia Police Commissioner, Danielle Outlaw (Outlaw)) in violation of the Court's ORDER (ECF No. 82).**

76. Upon information and belief, after the filing, the **non-party** Outlaw (according to defendants' counsel) confronted defendant, Christine Coulter regarding her "truthful" and under oath "deposition testimony," which the **defendants** requested to be sealed.

77. There were only three parties of record at the June 7, 2022 conference with the Honorable Judge Slomsky. The Plaintiff was present with defendants' counsel (City Solicitor, Michael Sheehan, Esq. and Deputy Chief City Solicitor, Frank Weir, Esq.)

78. The Plaintiff ADHERED to the Court's ORDER.

79. Upon information and belief the defendants (counsel) did not.

80. Upon information and belief after the confrontation, an ongoing feud (for lack of a better word) developed between Coulter and Outlaw, which lead to Outlaw giving Coulter the options of demotion or resignation on or about September 7, 2022 (six days after Plaintiff's filings).

81. Outlaw was a non-party in "this matter" and was provided this information by the puppeteer(s) (Geppetto(s)) to the puppet (Pinocchio) to retaliate against Coulter for her truthful testimony provided **under oath** with the Plaintiff.

82. This is a "pattern and practice" of the defendants against any party potentially exposing corruption.

83. The defendants' counsel strenuously pursued the sealing of the depositions during the June 7, 2022 conference to prevent Ralph Cipriano and website BigTrial.net from exposing public corruption.

84. When the defendants' actions were exposed, Plaintiff received untold support from supporters providing "information." The defendants knew these facts, which is the reason of the request for the protection order (stop support being given to Plaintiff; retaliate against person(s) providing information and/or support).

85. On September 8, 2022, two reputable news personalities (Steve Keeley and Sharrie Williams) confirmed information previously obtained by Plaintiff (see Exhibits 2 & 3).

86. Upon information and belief after the dissemination of the information, other non-parties have entered the fray and Coulter's demotion and/or resignation is now in a holding/negotiation pattern, (Exhibit 4) possibly fearing future litigation.

87. The defendants' violation of their own protection order requires the most severe sanctions to restore the integrity of the Court.

88. The defendants' actions were/are so egregious there is only one case located by the Plaintiff that addresses such reprehensible conduct (Westlaw not available).

89. In United States ex rel. Bibby v. Wells Fargo the defendants violated a Court Ordered seal but their actions did not affect the litigation.

90. Here the defendants attempted to get a party demoted or "fired" by forcing a resignation by intentionally violating (once again) the COURT"S ORDER to protect their interest against the Plaintiff (sound familiar).

## CONCLUSION

91. The defendants have engaged in multiple nefarious discovery actions and/or practices. At this time, the Plaintiff is requesting sanctions and injunctive relief. The Court has broad discretion and authority to act swiftly and decisively in this matter. If the Court determines a hearing with witness testimony under oath would be necessary to expose the defendants' actions; the Plaintiff would not oppose such a remedy.

92. At this point the defendants (as Officers) are making a mockery of the Court. The defendants have intentionally withheld discovery. The defendants have violated Court ORDERS. Other nefarious and possible criminal acts will be exposed during trial. The fact that the defendants requested a protection order; then violated the same protection order to retaliate in ongoing litigation requires SANCTIONS to deter any future party from engaging in such nefarious, unethical, and abhorrent conduct.

**BASED UPON THE ABOVE LISTED FACTS THE SANCTIONS AND INJUNCTIVE RELIEF SHOULD BE GRANTED.**

Date:  9/13/2022

Derrick Jacobs, Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I, Derrick Jacobs, Plaintiff within the above-captioned matter, hereby certify that a true and correct copy of Plaintiff's Motion, according to the Federal Rules of Civil Procedure was sent via email and/or ECF upon the following on the date shown below,

Nicole Morris, Esq.
Michael Sheehan, Esq.
Frank Weir, Esq.
City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
nicole.morris@phila.gov
michael.sheehan@phia.gov

Date:  9/13/2022

_____
Derrick Jacobs,
Plaintiff, *Pro Se*