IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK JACOBS                CIVIL COMPLAINT NUMBER: 19-CV-4615

V.

CITY OF PHILADELPHIA, et al.

### PLAINTIFF'S REQUEST FOR TERMINATING SANCTIONS AGAINST DEFENDANTS FOR REPEATED DISCOVERY VIOLATIONS AND FABRICATION OF EVIDENCE

**I.** **FRCP Rule 37**

FRCP Rule 37(a)(1) On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

**II.** **Defendants intentional violations of the FRCP**

The Plaintiff has made repeated attempts to obtain discovery from the defendants. The defendants have repeatedly denied the plaintiff's requests for discoverable items. The defendants have shown utter disdain toward the pro se plaintiff and the FRCP.

**III.** **Defendants intentional discovery fabrications and fraudulent activities perpetrated against the Court and plaintiff**

On Monday, May 8, 2023, the Honorable Judge Slomsky held a pretrial conference. During the conference, the plaintiff explained to the Court how the defendants were withholding discovery in support of the plaintiff's claims. The plaintiff explained how the defendants were intentionally withholding the Daily Attendance Reports ("DAR") showing the Officer Involved Shooting Investigation Unit ("OISI") is receiving "on

call" overtime payments. The Court ordered the defendants to provide the DARs in two weeks (May 22, 2023). On May 22, 2023, the plaintiff contacted the defendants to inquire when the Court Ordered documents would be provided. On May 22, 2023 the defendants provided documents that were not the documents Ordered by the Court. The plaintiff subsequently informed the defendants the documents provided were not the Court Ordered documents. After not receiving a response from the defendants, the plaintiff contacted the defendants on May 23, 2023. The plaintiff informed the defendants of their violation of the Court's Order. The plaintiff inquired as to when the defendants would provide the Court Ordered documents. The defendants subsequently provided the Court Ordered documents. The plaintiff reviewed the Court Ordered documents (DARs). Upon review, it was determined that **OISI is receiving "on call" overtime compensation**. The plaintiff also reviewed the documents for **fraud and manipulation** based upon previously acquired information. On October 25, 2022, the Court Ordered a Motions hearing for November 14, 2022 **(ECF 95 and Exhibit "A")**. Upon information and belief, after the Court informed the parties of the hearing, Deputy Police Commissioner Frank Vanore contacted OISI Commanding Officer Lieutenant Jason Hendershot and told him to change the on call overtime code from 31 to 40 to deceive the Court and the plaintiff **(Exhibit "B")**. **Exhibit "B"** illustrates the defendants' deception, after October 25, 2022 the overtime code 31 is removed and replaced with code 40. This change continues through the date the report was provided to the plaintiff (May 23, 2023). The plaintiff has been attempting to obtain this document from the defendants to prove the defendants were receiving on call overtime compensation. The defendants falsified the document (**Exhibit "B"**) to retaliate against the plaintiff for filed complaints. This is a pattern of deception, fraud, and violations of FRCP by the defendants against the plaintiff and the Court.

IV. **Defendants repeated abuses of the FRCP**
   1. **Suppression of evidence**: After the Rule 26 conference with the Court, the plaintiff requested specific documents in the defendants' possession, custody, and control.

2. **Alteration of Evidence**: Exhibit "B" (DAR page 447) illustrates that after Judge Slomsky issued his October 25, 2022 Motions hearing Order, the defendants' altered the DARS (Exhibit "B") from Code 31 (on call overtime compensation) to Code 40 (investigative overtime compensation) to retaliate against the plaintiff and commit fraud upon the Court by falsifying a "public" document.

V. **Defendants intentional criminal violations of State and Federal law**

The DARS are public records and/or information. When Deputy Commissioner Frank Vanore conspired with Lieutenant Jason Hendershot to falsify the DARS they violated State law.

**Title 18 PA C.S. § 4911**

(a) Offense defined. A person commits an offense if he: (1) knowingly makes a false entry in, or false alteration of any record, document or thing belonging to, or received or kept by, the government for information or record, or required by law to be kept by others for information of the government; (2) makes, presents or uses any record, document or thing knowing it to be false, and with intent that it be taken as a genuine part of information or records referred to in paragraph (1) of this subsection; or (3) intentionally and unlawfully destroys, conceals, removes or otherwise impairs the verity or availability of any such record, document or thing.

(b) Grading. An offense under this section is a misdemeanor of the second degree unless the intent of the actor is to defraud or injure anyone, in which case the offense is a felony of the third degree.

The intentional falsification of material records in an attempt to defraud the Court is a violation of Federal law. When Deputy Police Commissioner Frank Vanore conspired with Lieutenant Jason Hendershot to intentionally falsify materially relevant documents to intentionally commit fraud against the Court requires the harshest of sanctions. In the United States, official and truthful court records are sacred. In administering justice the material contained in those records must presume to be true.

**Title 18 U.S.C. § 1001**

(a) Except as otherwise provided in this section, whoever, in any manner within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry: SHALL be fined under this title, imprisoned not more than 5 years.

VI. **Sanctions**

The plaintiff requests terminating sanction against the defendants.

The Poulis factors:

1. **Plaintiff's Personal Responsibility**: The defendants intentionally falsifying documents and providing them to the plaintiff and the Court in an effort to defraud, satisfies this factor in favor of dismissal in the plaintiff's favor.
2. **Prejudice to the Plaintiff**: The finding of prejudice does not require "irremediable harm." (Adams 3d Cir., 1994). "The burden imposed by impeding a party's ability to effectively prepare a full and complete trial strategy is sufficiently prejudicial." *Ware v Rodale Press, Inc., 322 F .3d 218, 222 (3d Cir. 2003)*. The defendants repeated violations of the FRCP, including withholding and intentionally falsifying discovery in support of the plaintiff's claims satisfies this factor in favor of dismissal in the plaintiff's favor.
3. **History of Dilatoriness**: The defendants repeated failures to adhere to the FRCP and provide items in their custody and control in a timely manner has contributed to continued delays in this matter.
    a. Originally, the plaintiff requested the defendants provide documents regarding Hendershot being ordered by Wilson to circumvent the payment of "on call" overtime, the retaliatory change in investigative responsibilities, and retaliatory reduction in "on call" personnel by Chief

       Inspector Frank Vanore. The plaintiff acquired the documents that were intentionally withheld by the defendants.

   b. After the initial disclosures, the plaintiff learned the defendants inserted "the podcast" as part of the on call overtime compensation complaint. When the plaintiff subsequently learned that Philadelphia District Attorney Lawrence Krasner was the catalyst (in retaliation) for the podcast discipline and that he was using his city issued attorney, Kia Ghee, as the medium between the Philadelphia Police Department and the Philadelphia District Attorney's Office to administer the discipline, the plaintiff requested those documents. The defendants never provided the intentionally withheld documents. When the plaintiff acquired a document proving their existence, the defendants, in violation of the FRCP provided the documents to the Court in December 2022, subsequently claiming "privilege" for their violations of the FRCP.

   c. Finally, the DARS (Exhibit "B"). After numerous request for this document proving the payment of on call overtime compensation to OISI. After the plaintiff informed the Court of this document during the May 8, 2023 conference, the Court Ordered the defendants to provide the document in two weeks (May 22, 2023). When the defendants provided the document on May 23, 2023, it was proven OISI members are receiving on call overtime compensation and the defendants attempted to defraud the Court by altering the document (Exhibit "B").

4. **Willful Conduct and/or Bad Faith**: The defendants' conduct is strategic, intentional, and self-serving (*Adams, 29 F.3d at 875-76*). The defendants' conduct is malicious and criminal. The defendants have paid the members of OISI "on call overtime compensation" since 2020 in exchange for retaliation against the plaintiff (Jacobs). The defendants have had in the possession, custody, and control the knowledge and documentation of this fact. The defendants then intentionally falsified and altered the discovery in an attempt to defraud the Court in a blatant, criminal and flagrant act of bad faith. The District Court must consider whether the conduct was the type of willful or contumacious behavior which can be

characterized as flagrant bad faith. *Briscoe, 538 F.3d at 262*. It is clear the defendants' intentional act of falsifying the DARS to reflect "on call" overtime compensation as "investigative" overtime compensation is a retaliatory act against the plaintiff and an abomination against the Court. Federal Courts have stated terminating sanctions are appropriate when a party commits the cardinal sin of litigation since **"fabricating evidence has been referred to as the most egregious misconduct which justifies a finding of fraud upon the Court."** *Kenno v. Colorado's Governor's Off. of Info. Tech., 2021 WL 2682619, at \*19 (D. Colo. June 30, 2021)*. The Supreme Court has described fraud on the court as "a wrong against the institutions set up to protect and safeguard the public." The defendants have suppressed, altered, and fabricated evidence in this matter.

5. **Alternative Sanctions**: There are no alternative sanctions for this behavior other than dismissal to send a resounding message to future perpetrators. To allow these assaults on the Republic for which this Nation stands would deny The Framers of their vision.

6. **Merits of Plaintiff's Claim:** The defendants' alteration and fabrication of evidence in this matter, as well as litigators willing to take substantial risk to advance a fraud on the Court speaks volumes.

## VII. Conclusion

The plaintiff has attempted to mitigate the defendants' damages and stop the wasteful use of the Court's resources. Unfortunately, the plaintiff does not have a dance partner. After being informed the defendants do not intend to make the plaintiff whole in any manner, and reinstatement of employment is out of the question (retaliation), the only option is to terminate the defendants' response to the plaintiff's claims and GRANT the plaintiff's request for the appropriate sanctions.

Date: 6/2/2023



Derrick Jacobs
Plaintiff
Pro Se

## CERTIFICATE OF SERVICE

I, Derrick Jacobs, Plaintiff within the above-captioned matter, hereby certify that a true and correct copy of according to the Federal Rules of Civil Procedure was sent via email upon parties on the date shown below,

Date:   6/2/2023

_____
Derrick Jacobs

Plaintiff

Pro se